TRUSTEES OF BRADFORD ACADEMY *v.* A. A. W. GROVER.

### [IN CHANCERY.]

### *Will. · Legacy. Interest.*

1. The will contained this clause: "I give and bequeath to my daughter,————one thousand dollars, to be paid on her marriage or when she arrives at age, with interest after, at her option." The will was executed in 1848; the legatee attained her majority in 1849, and was married in 1853; the testator died in 1854. *Held,* that the legacy drew interest as soon as the daughter arrived at age.
2. The legacy bears simple interest; and the payments should be applied when made first, to extinguish the interest, and then the principal sum.
3. R. L. s. 1997, as to computing interest, construed.

BILL IN CHANCERY. Heard on the report of a special master, June Term, 1882. POWERS, Chancellor, found due on the legacy · the sum of $1475.34, and decreed that this amount should be paid the defendant. The only questions were as to when the legacy was payable and the computation of interest. The facts are stated in the opinion.

*Farnham & Chamberlin,* for the orator.

*Gilbert A. Davis,* for the defendant.

The opinion of the court was delivered by

Ross, J. I. The first question arises on the proper construction to be placed upon the fifth clause of the will of Moses Chamberlin. That clause is as follows: "I give and bequeath to my daughter, A. A. W. Chamberlin, one thousand dollars to be paid on her marriage or when she arrives at age with interest after, at her option." The will was executed August 19, 1848. The testator died December 7, 1854. The legatee, the present defendant, attained her majority September 2, 1849, and was married Octo-

ber 20, 1853. The legacy was made a charge upon the home farm of the testator, which, charged with the payment of this and other legacies, was bequeathed by the testator to a son, as residuary legatee. The contention is in regard to the time when, by its terms, the legacy began to draw interest. The orator contends that it did not begin to draw interest until one year after the decease of the testator. It is true that the will was ambulatory, until the decease of the testator; and that, ordinarily, legacies do not draw interest until the end of the year after the decease of the testator, allowed by law for the settlement of the estate. This general rule may be controlled by the express provisions of the will. The testator may make the legacy consist of interest on a principal sum as well as the sum itself. The declared intention of the testator controls, in respect to interest, as well as all other matters. The residuary legacy to the son renders it manifest that the will became operative, in some respects at least, when made. All its provisions are more consistent with a then settlement and disposal of the testator's property, rather than a disposition of the same that was to take effect only at his decease. The legacies to the other daughters are " with interest." The language of the bequest in contention clearly imports that the legacy is to bear interest. The natural meaning of the expression, " with interest after," is, that interest shall be reckoned on the sum named, after the occurrence of one of the two events named as the time when the principal sum was to be paid. This clause stands in the sentence nearer to, and is more closely connected with, " when she arrives of age," than " on her marriage." The general rules of grammatical construction would make it a modifier of the former rather than the latter phrase. The time of the happening of the former event was certain and definite, and of the latter indefinite and might never come to pass. It is not reasonable to suppose that the legacy was to be without interest, if the legatee should never marry. The testator had made no other provision for her support after she arrived of age. It would be natural that he should provide that she should have the interest on the legacy from the earliest time at which she had the option to demand its payment, that is, when she attained her majority unless she should

sooner be married. The other legacies of the same amount to the testator's other daughters are " to be paid with interest " on their marriage, or within one year from the date of the will at the option of the legatees. These legacies evidently are on interest at the expiration of the year after the execution of the will. The defendant arrived of age in about one year after the execution of the will. The construction we have given this bequest in regard to interest places the three daughters, who received the same sum, on practically the same basis in regard to interest. We think the defendant is entitled to interest on her legacy from the time she attained her majority September 2, 1849. This construction is in harmony with the language of the bequest, and with all the other provisions of the will.

II. The second contention is in regard to the proper method of computing interest upon the legacy, there having been made numerous payments thereon. By the language of the bequest the legacy bears simple interest only. It is a well-settled rule in regard to the application of payments, both at law and in equity, that when no application is directed, and no application made by the parties, payments are to be applied first to the extinguishment of the non-interest-bearing portion of the debt, if any, and then to the interest-bearing portion of the same. This rule requires that payments made on a debt bearing simple interest shall first be applied to the extinguishment of the interest due at the time they are made, respectively, and the balance thereof to the extinguishment of the principal sum. It is equally well settled, that when the principal sum bears simple interest the application of payments is not to be made in such a manner that interest will be computed upon interest. This is the substance of the rules applicable to the application of payments to overdue debts, bearing simple interest, both at common law and as embodied in the rules of this court, as found in 1 Aik. R., and as expressed in the statute of 1866, R. L. s. 1997. We think this statute is not confined by its terms to negotiable promissory notes and bills of exchange, as contended by the orator, but includes and is applicable to all contracts for the payment of money, where the kind of interest is ex-

pressed in the contract itself. But if the contention of the orator on this point should be upheld, the general rules at common law for computing interest and applying payments would apply, and be those we have already indicated. The law always applies payments as of the date when made. The very idea of a payment is an extinguishment of the debt on which it is made, at the time it is made, *pro tanto*, and the law always treats them as such. There is no valid ground for the contention of the orator that interest shall be cast on the debt, regardless of the payments, until the time of settlement or judgment, and that interest shall be cast on the payments from the time they were respectively made until such settlement or judgment, and then the latter be applied in reduction of the amount of the former. Such a computation makes no application of the payments when made, but aggregates them as one common payment at the time of the settlement. Applying the rules already stated to the computation of interest on the legacy in contention and the payments made thereon, only the first payment is sufficient in amount to liquidate the interest due on the legacy when the payment was made, and hence only the first payment operates to reduce the principal of the legacy. All the other payments are absorbed in paying the interest due on the legacy at the time of each payment, and leave a portion of the interest still unpaid, and unproductive to the defendant. The defendant's computation is in accordance with these rules and is correct.

The decree of the Court of Chancery is affirmed and cause remanded to that court to be perfected.