Mabvin, J.
The ease in the court of common pleas was a proceeding 'in error to the probate court.
The order of the probate court sought to be reversed, is -an order approving and confirming an account filed in that 'Court by Joseph Davis as the executor of the will of William Hutchins, deceased, and overruling the exceptions filed to ¡said account by Mary Hutchins, widow of said deceased.
The facts are as follows: Said William Hutchins died testate, in Cuyahoga county, Ohio, September 11, 1894, leaving said Mary Hutchins his widow.
His will was duly admitted to probate in the probate court ■of said county, and letters testamentary'were issued thereon to said Joseph Davis on or about September 22, 1894.
No provision is made, in said will, for said widow, nor is she mentioned therein.
By the terms of said will certain general legacies are bequeathed to relatives of the testator and other's,
Then follows this: “My will is also that my live stock and farming utensils of every kind be sold within six months of my death, the Enterprise Mills, my interest in the business of Stoneman & Hutchins, with what of real estate is not sold of any and all kinds shall be disposed of, and business settled up if possible within two years of my death,and further the proceeds arising therefrom, with all from any and all sources,due to me from mortgages,bank or bills unpaid at my death be used in paying all before specified as my indebtedness and to my legatees and the charities and the balance be divided between,” then the names of those to whom this balance is bequeathed are given.
The account under consideration Í3 entered on the docket of the probate court as a partial account, but is found by «aid court, as shown by the bill of exceptions, to be a final account of the executor. This account was filed on May 12, 1896, and shows a balance of some $4,700 due to the widow upon her distributive portion of the decedent’s estate, without making any allowance to her for interest on any part of her said distributive portion, and without including anything for real estate sold by the executor.
The testator, at the time of his death, was the owner of Teal estate, which was sold by the executor on June 25, *723 1895, under an order of the probate court, made in proceedings brought in that court by the executor, to which proceedings said widow was a party, and out of the avails of ■such sale she was paid the proper amount as the value of her dower interest in such real estate; after such payment to ■her and the payment of the expenses of the sale there remained of the avails of such sale of real estate about ■$15,000.
All of the debts of the testator and all the general legacies made in the will, together with all costs and expenses of administration, except as to the saje of said real estate, were paid out of the personal estate of the deceased. On ■or about October 26, 1896, the executor paid to said widow on her distributive portion of said estate the sum of $5,000, and at the same time he paid to the residuary legatees the amount to which they were entitled under said will. Said widow at the date afoiésaid, and at other times, requested payment of the money coming to her on her distributive ■portion of the estate.
The exceptions filed to the account raised two questions, viz.:
First. Is this widow entitled to have distribution computed upon an amount made up both of the personal estate •and the avails of the sale of the real estate?
Second, Is she entitled to interest on her distributive portion of the estate?
As said in the beginning, the probate court overruled the •exceptions to the account and answered both these questions in the negative. ,
The court of common pleas affirmed the judgment of the probate court as to the first question, but reversed it as to the second, holding that said widow was entitled to interest ■on all her distributive portion of said estate which was not paid to her within one year after the appointment of the executor, and then finding that certain payments had been made to her by the executor after the decision of the probate court, gave credit to the executor for such payments, and computing interest on her portion of the estate from one year after the executor’s appointment up to the time of the several payments made to her,both before and after the filing of the account, fixed the amount still to be paid to *724 her, and ordered the executor to pay-the same to said widow. The executor hies his petition in error in this courts seeking to reverse said order of the court of common pleas, in so far as it finds the widow entitled to interest, and the widow files her cross petition in error seeking to reverse such order in so far as it affirms the judgment of the probate court.
Coming, then, to a consideration of the question as to1 whether the widow is entitled to have the avails of the sale of the real estate included in the amount upon which her distribution is to be computed.
It is urged in support of the claim, that the widow is so-entitled, that the provisions of the will directing a sale of the real estate by the executor, and that “the proceeds-arising therefrom, with ail,from any and all sources, due tome from mortgages, bank or bills, unpaid at my death, be used in paying all before specified as my indebtedness and to my legatees and the charities,” constitute an equitable conversion of the real estate into personalty,and that as the widow is entitled to distribution out of the entire personal estate, it necessarily follows that the avails of the sale of the real estate must be included in making the computation.
That an equitable conversion may be made by will is abundantly settled by the authorities (see Denham v. Cornell, 7 Hun., 662, and authorities there cited),but it is as well settled that no such conversion can defeat the widow of her-dower without her consent.
By section 4186, Revised Statutes,it is provided that “A widow * * * who has not relinquished or been barred of the same shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was-seized as an estate of inheritance at any time .during the marriage,” etc,
It follows that if the claim here made for the widow is sustained, she is entitled to have the real estate which was sold by the executor,treated as to her as equitably converted into personalty for one purpose, and as not so converted for another purpose, and so that she will get the benefit of the provisions of section 4188,Revised Statutes, in this real estate, and at the same time get the benefit, as to the same property, of section'4176, Revised Statutes, which provides *725 for her upon distribution of tbe personalty, These two claims seem to be inconsistent. As’shown by the fscts already recited, she was a party to the proceedings for the sale of this real estate, and was paid for her dower interest out of the avails of such sale.
Section 5963, Revised Statutes, provides for the election •by the widow of a testator, where any provision is made in the will for her, whether she will accept the provision made for her by the will, or be endowed of the lands of the deceased consort and take her distributive share of the personal estate. If the contention made here on behalf of the widow is sustained, no provision made for her in the will, and rejected by her, could have been so march to her advantage as the fact that she was not mentioned in the will at-all; this áurely would seem to be at least a curious situation,
In Doyle v. Doyle, 50 Ohio St., the second clause of the syllabus reads:
“A widow is not deprived of a distributive share of the personal estate of her deceased- husband,’ by bis leaving a will in which he disposed of all of it to .others, without making any provision for her. As to her in such case, he is regarded as dying intestate.”
And in the closing paragraph of the opinion in the same case, page 346, Judge Minshall says, speaking of the husband and wife: “Their interests being mutual, they participate alike in the gains and losses until death works a separation, when her right to a portion of the personalty subject to distribution is fixed and ascertained by law, independently of any will he may have made.”
The case in which the opinion above quoted from was delivered, involved the rights of a widow to distribution in the personal estate of the deceased, testator, where no provision was made for her in the will,and did not involve any question of equitable conversion; but the principle seems to be, that a widow for whom no provision is made in the will of a deceased husband, has the same rights in his personal estate as she would have where provision is made for her which she rejects. Without deciding whether in the present case the widow might have elected to treat the provisions of the will as an entire equitable conversion of the *726 real estate into personalty, so as to entitle her to have its avails included with the property upon which her distributive portion is to be computed, or not, we hold that having elected to be endowed as she did in the sale of this real estate, she cannot now claim distribution out of the avails of such sale.
In Tobias v. Ketchum, 32 N. Y., 319, it is held that where the claim of dower is inconsistent with the other provisions of the will,made for the widow, she is put to her election, whether she will be endowed or not. To the samo effeet is Savage v. Bunham, 17 N. Y., 561.
See also Vernon v. Vernon, 53 N. Y., 351. One clause of the syllabus in this case reads:
“The provisions made in the will for the wife of testator were not declared to be in lieu of dower. Held,that the authority given to the executors to sell the real estate not devised to the wife at a price fixed was inconsistent with a claim for dower, that the widow was put to her election, and an acceptance of the testamentary gift defeated her dower. ’ ’
The principle underlying these cases seems to be that where two claims are inconsistent, the one with the other, both cannot be sustained, That the claim here made for the widow is inconsistent with her action in claiming and accepting dower, seems plain. If her right to dower was dependent upon the proposition that the lands left by her husband were, as to her, to be treated as real estate, notwithstanding the fact that as to all others interested in said estate they were to be treated as converted into personalty, her claim to distribution out of the avails of the sale of the real estate is based upon the proposition that such lands are to be treated, as to her, as well as to the residuary legatees, as converted into personalty
The inconsistency of the two claims is well expressed in Brink v. Layton, 2 Redfield Surr. Rep., 79, in these words:
“An absolute direction in the will to sell real property, since it effects an equitable conversion from the time of the testator’s death, is inconsistent with aright of dower in the widow, and she should be put to her election whether to take a share of the proceeds of conversion or to claim dower.’’
There was no error in the judgment of the court of common pleas on this question.
*727 On the question of allowance of interest to the widow on her distributive portion,it is urged that she should be treated as one to whom a general legacy is given, and that because such legatee would be entitled to interest on his legacy, beginning one year from the granting of letters testamentary, as held in Gray, Ex. v. Case School, 62 Ohio St., 1, she is entitled to such interest,
The cases are not analogous. The general legacy is an amount definite and certain, and becomes due to the legatee, not by reason of any order of court, but by the terms of the will itself. The arbitrary time of one year from the time of the executor’s appointment has been fixed by the courts,because it is important that there be a definite time when such legacy is to be payable, and one year is thought to be a reasonable lime. There is no such rule as to distribution. This is to be made when the court orders it done, and not before. The amount to be distributed cannot be fixed until the court passes upon the accounts of the executor and determines how much is to be charged to him and for what amounts he is to be credited. Until this is done, whatever payments the executor makes to any distributee, is made at his peril. If it turns out that he has not paid to any distributee more than the proper amount which would be due to him under the order finally made by the court, no harm has been done. If, however, he has paid in excess of the proper amount to any distributee, the others are not to suffer. Holding as we do that this widow’s right to distribution is just what it would have been had her husband died intestate, the amount to be paid to her is ascertained by charging to the executor whatever amount he is chargeable with under the law, deducting therefrom whatever he is entitled to be credited with under the law, and giving to her out of what remains one-half of the first four hundred dollars and one-third of the balance.
It is matter of indifference in fixing the rights of the widow on distribution, whether the other distributees take as next of kin or as residuary legatees.
To allow the widow interest on her distributive portion, would be to deduct the same amount from the other distributees, in this case residuary legatees. We know of no principle of law upon which this could be done, and it does not appeal to our sense of justice.
J. M. Jones, for Mayy Hutchins.
E. P. Wilmot, and Wilcox, Oollister, Hogan & Parmely, for executor, •
The judgment of the court of common pleas is affirmed in part and reversed in part, as indicated in this opinion. The judgment of the probate court is affirmed,
Note — James M. Jones, for Plaintiff in Error: The bill of exceptions shows that the executor of the estate of William Hutchins was appointed in September, 1894, and that he did not file his final account till January 27th, 1898. And the record shows that he never paid the $4700. until December, 1899. That he paid the entire amount due to the residuary legatees under the will, in October, 1896. That the personal estate was more than sufficient to pay all the debts, and that they had been paid out of the same. That in June,1895, 13 pieoes of real estate which the will ordered to be sold and the proceeds,with his personal property, made a common fund to pay all debts and legacies, were sold for $15,000.
The bill or exceptions also shows that the executor, in his final account, admitted he owed Mrs. Hutchins, the widow, as her distributive share, the sum of $4700., which he says in his report he is ready and willing to pay as a balance of her distributive share. The bill of exceptions does not show any time was ever extended by the probate court for settlement of the estate, or any excuse for not paying the widow’s distributive share within a year or more, or for deferring the payment to her long after the residuary legatees had been paid.
Exceptions to the final account were filed in the probate court by Mrs. Hutohins. First. That »o interest was allowed in making up the amount going to the widow.
Second. That the $15,000., the proceeds of the real estate directed to be sold and converted into money, was not considered by the administrator as personal property in making up the amount of the widows distributive share.
There was a long continued and unexplained delay on the part of the exeoutor in refusing to pay the widow, after the debts had been paid,and 21 months after the residuary legatees had been all paid;and in failing to settle the estate according to law, or to state any reason for not doing it. A legatee under a will is entitled to interest on his legacy after one year from the appointment of the executor or administrator. 15 C. O. Reports, 488; 23 Bull., 438; 50 Ohio St., 1 to 15; 3d Ed. Giauque on Sett. Dec. Estates, 155; 13 Encyc., 157, 161; 38 N.Y., 410; 55 Vt., 462; 106 Mass., 586.
Legacies are nor due ahead of the amount going to the widow under the statutes of distribution. Her portion goes to her regardless of whether there is enough to pay the legacies or not. So that the authorities above cited apply with greater degree of force to the widow’s share than they do to legacies, and are conclusive on the right of Mrs. Hutchins to interest, regardless even .of the long and unexplained delay on the part of the exeoutor. His delay was unreasonable and unlawful.
*729 (2.) The direction to the executor in the will of William Hutchins, to sell the land and convert the same into money, and out rf the common proceeds to pay debts and legacies, is an equitable conversion of his real estate into money, and makes the whole of it personal property as fully, and to all the intents and purposes as if he had sold it himself, on contract, before his death. In such a case, the testator leaves no land, and nothing but personal property. 30 Ohio St., 293; 36 Ohio St., 17; 3 Wheaton, 563; 3 Metoalf, 463; 33 Ala., 196; 100 Pa. St., 47; 39 Barber, 237; 51 Pa. St., 509; 19 N. J. Eq., 375; 7 Paige’s Chancery, 574; 28 Ill., 43; 2 Sanford’s Chancery, 377, and 58; 1st L. R. A., 837 and note.
Such a provision cannot apply to any .pre-existing right, like a mechanic’s lien, a mortgage or a dower interest, and the owner of such a right might enforce it as against the land even though the owner of the same was entitled to a legacy under the will which can only be paid by treating it as personalty. The husband, by making the provision, could not deprive the widow of her dower interest in the land, any more than he could deprive her of her right to mortgage that she might hold on the property to secure a debt. Sec. 4188 B. S., gives her the right of dower, and that is a vested right before the making of the will or other mode of equitable conversion, and is held to be, like a mortgage, an incumbrance on the realty. 46 Ohio St., 73; 30 Ohio St., 196; 32 Ohio S., 210; 16 Ohio St., 193.
Therefore there is no inconsistency between the claim of dower in the land under sec. 4188, Bevised Statutes, and a claim for a distributive share in all personal property which has been turned into personal property by an equitable conversion. The property is land as to the dower, because it was land when the dower right adhered, but it is personalty for all purposes of distribution, beoause the owner had a .right to make it personalty, and has chosen to do so in very distinct terms. Both claims arise under a distinct section of the statutes of the state. Different and diverse claims on the part of widows in this state have been frequently allowed.*
If the deceased had actually sold his land on a contract on credit, and died before he made a deed, the widow would have dower in the land and also a third of the proceeds of the sale. 39 Ohio St., 185.
If there was no property left besides real estate, the widow could first have dower, under sec. 4188 B. S., in the land, and then have a year's support out of the proceeds of the same land, or she could have a homestead set off in the same land under another statute. The inconsistency is purely imaginary.
A provision in a will for the equitable conversion of money into land, or land into money, is no necessary part of a will. It is merely the exercise of a power that could just as well be made by various other papers, such as a deed, a trust deed, a marriage settlement, an ordinary contract, or an option to buy, placed in a lease. Such a provision is not an act of giving or bequeathing property to any one. 41 Ark., 271; 50 Ohio St., 346; 29 Ills, 323; 14 B. Monroe, 549; 6 Encyc, 665 to 676; 15 B. Monroe, 118; 7 Indiana, 346.
The widow is entitled to a distributive share of one-third of all the personal property, subject to distribution; not a partic *730 ular kind of personal property, but all that is personal property or that is made personal property by an equitable conversion.
W. C. Goehr an-, G. W. Baker, Boyce & Boyd, Pogue & Pogue, Albert Bettinger, Arthur Espy, Judson Harmon.