In the Matter of the Application of FREDERIC WHITE SHEP-
ARD, Appellant, *v.* JOHN T. OAKLEY, as Commissioner of
Water Supply, Gas and Electricity of the City of New
York, Respondent.

MANDAMUS — WHEN ALTERNATIVE WRIT SHOULD ISSUE. The allega-
tions of the petition for a peremptory or alternative writ of mandamus to
compel the commissioner of water supply of the city of New York to
restore and reinstate the petitioner to a position and salary from which he
alleged he had been reduced in violation of section 1543 of the char-
ter and of the answering and replying affidavits, examined. Held that,
although the petitioner did not establish a clear legal right to a peremp-
tory writ, the circumstances were such that the court below should have
exercised its discretionary power in granting an alternative writ, and,
therefore, its order denying the application should be reversed.
  *Matter of Shepard* v. *Oakley,* —— App. Div. ——, reversed.

(Argued April 13, 1905; decided April 25, 1905.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 23, 1905, which affirmed an order of Special Term
denying an application for a peremptory or alternative writ
of mandamus to compel the reinstatement of the petitioner in
the position of clerk in the department of water supply, gas
and electricity in the city of New York.

The averments of the petition show, in substance, that on
August 31st, 1904, the petitioner was a clerk in the depart-
ment of water supply, gas and electricity at a salary of $2,700
a year. The respondent, as the head of that department,
reduced his salary to $1,500 a year, without according him an
opportunity to make an explanation, or entering the grounds
of the reduction in the records of the department, or filing a
copy of the same with the municipal civil service commission,
as is required in certain cases by sec. 1543 of the Greater
New York charter. Subsequently the petitioner made a
motion for a peremptory or alternative writ of mandamus to
compel the respondent to restore and reinstate him to the
position and salary from which he had been reduced. The

Special Term denied the application, and the order entered thereon was affirmed at the Appellate Division. From the latter decision the petitioner now appeals to this court.

The petitioner was originally appointed to a temporary position in the department of finance on July 1st, 1899. Subsequently, and on December 26th, 1899, he was appointed an assistant accountant in that department at a salary of $12 a day, having theretofore passed a competitive civil service examination for that position, as a result of which he had been placed upon the eligible list. Thereafter, at some time and under circumstances not disclosed in the record, the petitioner's salary was reduced to $1,400 a year.

On April 30th, 1902, the comptroller changed the title of the petitioner's position to that of "law clerk," and on the same day the board of estimate and apportionment, acting under the provisions of ch. 466, L. 1901, as amended by ch. 435, L. 1902, fixed the salaries in the department of finance and the salary of the petitioner's position of law clerk was fixed at $1,500.

The petitioner continued to serve as law clerk at $1,500 a year until April 27th, 1903, when he was transferred to the water supply department at the request of the water commissioner and with the approval of the comptroller. On April 30th, 1903, the civil service commission approved the transfer, and on the same day the deputy and acting water commissioner sent a letter to the civil service commission stating that the petitioner's salary had been increased to $1,950 a year, and reciting that "As Mr. Shepard was originally appointed in the finance department at $12.00 per day from an eligible list for assistant accountant and his title recently changed to clerk, I assume that such original appointment established his grade in the civil service, and that the present increase is in the nature of a restoration and not a promotion necessitating any examination."

Petitioner thereupon assumed the duties of clerk in the water supply department at a salary of $1,950 without passing any further civil service examination. He continued to serve

at the salary named until some time in July, 1903, when his salary was increased to $2,700 a year, and the head of the water department again wrote to the civil service commission advising it of this second increase, and again stating that no civil service examination was deemed necessary, as the increase of salary was not considered a promotion to a higher grade, but simply a partial restoration to petitioner's former grade. On September 1st, 1904, the petitioner's salary was reduced to $1,500, and on September 7th following the then deputy commissioner of the water supply department notified the civil service commission of such reduction.

The respondent denies, upon information and belief, that the several increases of petitioner's salary were legally made, and submits the affidavits of Stevenson, deputy comptroller in the finance department, and Adee, clerk to the board of estimate and apportionment, who depose, on information and belief, that in April, 1902, the board of estimate and apportionment had fixed the salary of the petitioner as law clerk in the department of finance at $1,500 per annum; that no further action had been taken by said board in relation to the salary of the petitioner, and that these statements are substantiated by an examination of the records of the board of estimate and apportionment. These affidavits on behalf of the respondent are traversed by a supplementary affidavit of the petitioner in which, among other things, there is a reference to a resolution of the board of aldermen, approved by the mayor, July 20th, 1903, reciting that the board of estimate and apportionment had, on May 22d, 1903, recommended that the salaries in the water supply department be fixed as therein set forth, and among the salaries so recommended was one for a clerk at $2,700. The petitioner also states that this recommendation of the board of estimate and apportionment was adopted by the board of aldermen and approved by the mayor July 20th, 1903.

*Samuel H. Ordway* and *Frederic White Shepard* for appellant. Petitioner's reduction from the position of ninth

grade clerk at $2,700 a year to the position of fifth grade clerk at $1,500 a year was a removal from the former position, and was forbidden by the Greater New York charter, unless the reasons therefor were given and an opportunity afforded petitioner to make an explanation, which was not done in this case. (*People ex rel.* v. *Dalton*, 158 N. Y. 175 ; *People ex rel.* v. *Fire Comrs.*, 72 N. Y. 445 ; *People ex rel.* v. *Bd. of Education*, 174 N. Y. 169 ; *People ex rel.* v. *Police Comrs.*, 108 N. Y. 475 ; *People ex rel.* v. *Knox*, 58 App. Div. 541 ; *People ex rel.* v. *Brady*, 166 N. Y. 44 ; *Hudler* v. *Golden*, 36 N. Y. 446.) Respondent cannot in this proceeding impeach or question petitioner's legal right to the position of ninth·grade clerk at ·a salary of $2,700 a year which he was actually. holding on August 31, 1904. (*People ex rel.* v. *Hoffman*, 98 App. Div. 4 ; *People ex rel.* v. *Wright*, 150 N. Y. 444.) Petitioner was, as a matter of fact and law, properly appointed to and legally holding and entitled to the position of ninth grade clerk in the department of water supply, gas and electricity, at a salary of $2,700 a year. (*People ex rel.* v. *Knox*, N. Y. L. J., Sept. 10, 1901, p. 1843 ; *People ex rel.* v. *McCooey*, N. Y. L. J., June 13, 1904, p. 958 ; *People ex rel.* v. *Knox*, 45 App. Div. 537 ; *People ex rel.* v. *Knox*, 58 App. Div. 451 ; 167 N. Y. 620 ; *People ex rel.* v. *Common Council,* 77 N. Y. 503 ; *People ex rel.* v. *R. R. Co.* 168 N. Y. 187 ; *People ex rel.* v. *Crissey*, 91 N. Y. 616 ; *People ex rel.* v. *Mosher*, 163 N. Y. 32.)

*John J. Delany, Corporation Counsel* (*James D. Bell* and *R. B. Greenwood* of counsel), for respondent. The salary of petitioner was legally fixed at the rate of $1,500 a year. (L. 1901, ch. 466, § 56; L. 1902, ch. 435.) The attempted increase of Mr. Shepard's salary was in effect a promotion and was void under the civil service rules in force at that time. (L. 1899, ch. 370; L. 1900, chs. 66, 675; L. 1902, chs. 270, 355 ; *People ex rel.* v. *Knox*, 71 App. Div. 306.)

WERNER, J. In September, 1904, when the last reduction was made in the petitioner's salary, as set forth in the fore-

going statement of facts, the municipal civil service rules in force in the city of New York provided that certain offices and positions, including the one held by the petitioner, "shall be divided into grades based upon the relative character of the duties performed and the rates of annual compensation." (Rule 37.) In the absence of specific information as to the character of the duties actually performed by the petitioner through the various mutations of his career from 1899 to 1904, it may fairly be assumed that the reduction of his salary was, in legal effect, a removal from the higher grade and salary to a lower grade and salary. (*People ex rel. Callahan* v. *Board of Education*, 174 N. Y. 169.) If this was the legal effect of the change imposed upon the petitioner, then it was the legal duty of the respondent to have given the petitioner a hearing and an opportunity to explain before he was removed. (Charter Greater New York, sec. 1543.)

Counsel for the respondent admits that this would be the effect of the reduction in the petitioner's salary alluded to, and that the provisions of section 1543 would apply, if the alleged promotions asserted by the petitioner had been legally and properly made. He challenges the validity of these so-called promotions on the ground that they were made in violation of the civil service rules and statutes which provided, in substance, that appointments and promotions in the civil service of the city of New York shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive (Rule 1), and that promotion from a lower to a higher grade shall be on the basis of ascertained merit and seniority of service and examination. (Rule 36). The petitioner's answer to this challenge is, that in 1899 he duly passed a competitive civil service examination for the position of assistant in the department of finance of the city of New York, and had been duly appointed to that position at a salary of $12.00 per diem, which was equivalent in grade to a position commanding a salary of $3,648 a year; that since this original appointment he had remained in the civil service of the city, and during all

the time covered by the successive increases and reductions in his salary referred to, the civil service rules provided that "any person in the competitive service, who shall have passed an examination either for appointment or promotion, covering in its scope a higher grade or compensation than that of the position he now holds, shall, if not otherwise disqualified, be eligible for promotion or advancement to such higher grade or compensation without further examination under this rule." (Rule 15, sub. 12.)

If the petitioner did in fact pass an examination in 1899 for a position of a higher grade or salary than that of the $2,700 place, to which he claims to have been appointed in July, 1903, it is obvious that the rule just quoted entitled him to promotion to the latter position without further examination, unless his appointment thereto was in violation of some other rule or statute. As to this feature of the case the respondent contends that, notwithstanding the petitioner's compliance with the requirements of the Civil Service Law and rules, the proper municipal authorities had never authorized the payment to him of either of said salaries of $1,950 or $2,700 per annum. The intermediate increase of salary to $1,950 per annum need not be discussed, because the petitioner's alleged grievance is that he was removed from the position which carried a salary of $2,700. Referring to that removal the answering affidavit of the petitioner sets forth that on May 22nd, 1903, the board of estimate and apportionment recommended to the board of aldermen that the salary of one clerical position in the water supply department be fixed at $2,700, and that the board of aldermen adopted this recommendation by a resolution approved by the mayor July 20th, 1903, which was two days before the increase of petitioner's salary to $2,700.

Thus the situation, as presented by the conflicting averments of the petitioner and the respondent respectively, seems to be that when the petitioner was appointed to the $2,700 position from which he claims to have been illegally reduced, there was a clerical position in the water supply department

commanding a salary of $2,700 a year to which he claims to have been eligible by reason of his previous successful examination for a position of a higher grade; while on the other hand it is claimed that the petitioner's salary has never been legally increased above $1,500 since his appointment to the position of law clerk in the finance department in April, 1902. It is true that the averments of the respondent's affidavits in this behalf are upon information and belief. Under ordinary circumstances they would not be regarded as sufficient to raise an issue of fact. (*People ex rel. Kelly* v. *Common Council of Brooklyn*, 77 N. Y. 503, 510; *People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.*, 168 id. 187.) But a mere glance at the record will serve to show that the original petition was scant, if not reticent, and that the answering and replying affidavits are so informal in their averments as to render it doubtful whether there are any well-defined issues or not. Under these circumstances it is obvious that while the petitioner did not make out such a clear case of legal right as to entitle him to a peremptory writ, his petition should not have been dismissed, because he had asked for an alternative writ, if his prayer for a peremptory writ were denied. It seems to us that his prayer for the alternative writ should have been granted. As we have said, it is rather difficult to formulate with precision the issue or issues of fact presented by the record as it now stands. The petitioner should be allowed to show, if he can, that he was in fact legally appointed to the clerkship in the water supply department to which there was attached a yearly salary of $2,700. Since it does not clearly appear from the record whether there was a vacancy in any such position at the time of petitioner's appointment it may be that the facts underlying the respondent's denials will prove an insuperable obstacle to petitioner's efforts in that direction. There are also conflicting averments of other circumstances which suggest rather than define still further possible issues. For these reasons we think the court should have granted an alternative writ, for this was a discretionary power which it could have exercised even in a case where a

peremptory writ might have been issued. (*People ex rel. Slavin* v. *Wendell*, 71 N. Y. 171.) Upon the hearing pursuant to an alternative writ the facts can be fully ascertained.

The order appealed from should be reversed and proceedings remitted to Supreme Court with directions to issue an alternative writ of mandamus herein, with costs to abide the event.

CULLEN, Ch. J., BARTLETT and VANN, JJ., concur; GRAY, J., absent; O'BRIEN and HAIGHT, JJ., not voting.

Order reversed, etc.