FREDERIC W. SHEPARD, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Interest — application of payments — in absence of agreement, payment upon a debt consisting of principal and interest, is first applicable to the interest due, then to the principal — when acceptance of part of salary wrongfully withheld does not prevent recovery of interest upon whole amount due.

1. The general rule is that in the absence of an agreement providing otherwise payment upon a debt consisting of principal and interest not actually applied by the debtor or creditor is first applicable to the interest due, and then to the principal. This rule applies equally whether the debt be one which expressly draws interest or a debt upon which interest is given as damages.

2. When payment of the principal is accepted and no account is made of the interest, it may well be presumed that it was not the intention to exact it. But such presumption is open to rebuttal. To this end, all the conversation and acts of the parties and the circumstances showing their intention ought to be considered.

3. Plaintiff was unlawfully removed from the position of clerk in one of the departments of the city of New York and placed in a lower position and was thereafter restored to his former position by direction of the court. He was then paid the amount of the salary unlawfully withheld from him during the period between his removal and his reinstatement. The present action was brought to recover the interest upon the salary withheld. He protested against the reduction of his salary at the time and demanded reinstatement. At the time of the payment he made a distinct statement that he had more money coming and would not waive any of his rights and signed the payroll " Rec'd on Acct." *Held,* that he was not thereby deprived of the right to recover interest against the municipality.

*Shepard* v. *City of New York,* 156 App. Div. 935, reversed.

(Argued June 14, 1915; re-argued October 25, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered May 19, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, as far as material, are stated in the opinion.

*Roger Foster* and *Frederic W. Shepard* for appellant. Where there has been default in the payment of a liquidated amount under a contract, interest is recoverable as part of the damages for the wrongful detention of the debt, on the principle that the plaintiff should be fully compensated for the loss he has sustained. (*Brainard* v. *Jones*, 18 N. Y. 35; *O'Brien* v. *Young*, 95 N. Y. 428.) It is a general rule that a city is both legally and morally liable for interest in the same manner as any other debtor. (*People* v. *Canal Commissioners*, 5 Den. 401; Dillon on Mun. Corp. [5th ed.] § 867; *Shipley* v. *Hackeney*, 34 Ore. 303; *Murphy* v. *Omaha*, 33 Neb. 402; *Langdon* v. *Town of Castleton*, 30 Vt. 285; *People ex rel. Central Trust Co.* v. *Prendergast*, 202 N. Y. 188.) The institution of the application for a mandamus to compel payment of the former salary was sufficient notice of the appellant's claim to make the city liable for interest. (*People ex rel. Bank of Monroe* v. *Canal Comrs.*, 5 Den. 401; *Taylor* v. *Mayor, etc.*, 67 N. Y. 87; *Wilson* v. *City of Troy*, 135 N. Y. 96; *Greer* v. *Mayor, etc., of New York*, 3 Robt. 406; *Orr* v. *Mayor, etc., of New York*, 64 Barb. 106; *Donnelly* v. *City of Brooklyn*, 7 N. Y. Supp. 49; *Lord* v. *Mayor, etc.*, 3 Hill, 426; *Sage* v. *Culver*, 147 N. Y. 241; *Ettlinger* v. *Persian R. & C. Co.*, 142 N. Y. 189; *Boardman* v. *L. S. & M. S. Ry. Co.*, 84 N. Y. 157.) The acceptance of the principal sum "on account" and under protest did not bar the claim for interest. (*Kent* v. *Warner*, 12 Allen, 561; *People* v. *County of New York*, 5 Cow. 331; *Muhlker* v. *N. Y. & H. R. R. Co.*, 197 U. S. 544; *Bates* v. *Relyea & Wright*, 23 Wend. 336; *Tillotson* v. *Preston*, 3 Johns. 299; *Fake*

v. *Eddy*, 15 Wend. 76; *Gillespie* v. *Mayor, etc.*, 3 Edw. Ch. 512; *People* v. *County of New York*, 5 Cow. 331; *Jacot* v. *Emmett*, 11 Paige, 142; *Hobbs* v. *United States*, 19 Cir. Ct. Rep. 220.)

*Frank L. Polk, Corporation Counsel* (*Charles J. Nehrbas* and *Terence Farley* of counsel), for respondent. The appellant lost his claim to interest by accepting the principal. (*Cutter* v. *Mayor, etc.*, 92 N. Y. 166; *Grote* v. *City of New York*, 190 N. Y. 235.) The appellant is not entitled to recover interest in the absence of proof of a timely demand for the principal. (*Smith* v. *Board of Education*, 208 N. Y. 84; *Matter of Shepard* v. *Oakley*, 181 N. Y. 339; *People ex rel. Guthiel* v. *Woodbury*, 102 App. Div. 462; *Cutter* v. *Mayor, etc.*, 92 N. Y. 169; *Matter of Bankers Investing Co.*, 141 App. Div. 591; *Sweeney* v. *City of New York*, 173 N. Y. 414; *Stoddart* v. *City of New York*, 80 App. Div. 254.)

WILLARD BARTLETT, Ch. J. This is an action to recover interest. On September 1, 1904, the plaintiff was unlawfully removed from the position of clerk in the department of water supply, gas and electricity of the city of New York, in which he received a salary of $2,700 a year, and was placed in a lower position in the same service at a salary of $1,500 a year. On August 1, 1907, pursuant to two decisions of this court, he was restored to his former position of clerk at an annual salary of $2,700. (See *Matter of Shepard* v. *Oakley*, 181 N. Y. 339; *People ex rel. Shepard* v. *Ellison*, 188 N. Y. 614.) Later in the same month he was paid $3,500, being the amount of the salary unlawfully withheld from him during the period between his removal and his reinstatement. The present action was brought to recover $315, being the interest upon the salary withheld. The trial court dismissed the complaint at the close of the evidence in behalf of the plaintiff and the judgment

upon the nonsuit has been unanimously affirmed by the Appellate Division, without opinion.

In support of the propriety of the nonsuit the learned counsel for the city contends that the appellant lost his claim to interest by accepting the principal, and that he is not entitled to recover interest in the absence of proof of a timely demand for the principal.

The $3,500 was received by the appellant from the city paymaster in two payments; one of $700 on August 13, 1907, and the other of $2,800 on the following day. When the first payment was made he stated to the paymaster's clerk that he was receiving only part payment and did not want to waive any of his rights to the balance, saying: "I have a further — more money coming to me and I cannot sign this unless I sign on account. I am not going to waive any of my rights in the matter." Thereupon he signed the payroll, "Rec'd on Acct. F. W. Shepard." A similar conversation took place at the time when the second payment was made and the appellant signed the payroll in a similar manner.

It is argued that the receipt of the principal under these circumstances constitutes a bar to any claim for interest thereon; and that, in order to maintain such a claim, it was essential for the plaintiff to show that there had been a special agreement between him and the city, reserving the determination of his right to recover interest. The cases of *Cutter* v. *Mayor, etc. of N. Y.* (92 N. Y. 166) and *Grote* v. *City of New York* (190 N. Y. 235, 237) are relied upon in support of these propositions. In my opinion neither decision warrants the conclusion thus sought to be drawn therefrom. In the *Cutter* case the plaintiff had accepted an award for damages by reason of the widening of Broadway and had given a receipt acknowledging payment in full; and it was held that the right to interest was lost by the acceptance of the sum awarded in full payment of the principal notwithstanding the fact that the claimant demanded payment of the interest at the

time when the receipt was given and protested against the refusal to pay the same. It was the evident view of the court there that where payment is tendered in full satisfaction of the debt, acceptance bars the right to interest, even though accompanied by a claim that interest is due. The *Cutter* case is distinguishable from the case at bar on the ground that in the present case there is no evidence that the payment was tendered in full satisfaction. There was merely the tender of an amount which happened to correspond with the amount of the principal, without any suggestion that an additional payment would not be made. This left the plaintiff free to apply the payment in extinguishment of the interest, and to treat the principal, so far as the payment was inadequate, as still due. In the language of the court in *People* v. *County of N. Y.* (5 Cow. 331, 337): "For aught that appears, the payments were made and received, generally, on account; which account was composed of principal and interest. The payments exceeding the interest, that part of the account was extinguished. All we learn from the case is, that the sum now due is precisely equal to the amount of interest charged."

In *Grote* v. *City of New York* (*supra*) this court approved the position of the Appellate Division that where there was a controversy between parties with reference to the amount that should be paid, a tender by the debtor of an amount in full satisfaction of the claim and the acceptance thereof by the creditor barred any right of action on the part of the latter to recover any balance claimed to be due; but we held that interest was nevertheless recoverable because there was an express agreement between the parties that the question as to the right to recover interest should be reserved and determined by an action to be subsequently brought by the plaintiff therefor. In the course of the opinion of Judge HAIGHT it is said that "had the plaintiff or his assignor accepted the principal sum awarded as damages without a special

agreement reserving the right to recover interest this action could not be maintained;" and this statement appears to be regarded by counsel as equivalent to an assertion that an express agreement to reserve the right to recover interest is always required in order to preserve that right where there has been an acceptance of the principal sum due — and thus that a protest and demand for interest accompanied by a refusal to acknowledge payment in full will never suffice. I do not thus construe the opinion in the *Grote* case. What the learned judge obviously meant was that interest would not have been recoverable there without *the* special agreement relied upon by the plaintiff — not that *a* special agreement was always necessary.

The general rule is that in the absence of an agreement providing otherwise payment upon a debt consisting of principal and interest not actually applied by the debtor or creditor is first applicable to the interest due, and then to the principal. (*Merchants Bank* v. *Freeman*, 15 Hun, 359; *Dean* v. *Williams*, 17 Mass. 417; *Moore* v. *Kiff*, 78 Pa. St. 96; *Bradford Academy* v. *Grover*, 55 Vt. 462.) This rule applies equally whether the debt be one which expressly draws interest or a debt upon which interest is given as damages. (*Story* v. *Livingston*, 13 Peters [U. S.], 359.)

It does not seem to me that it can fairly be held that the plaintiff in this case did anything whereby he lost his right to insist upon the payment of interest on the amount of his salary which was unlawfully withheld from him by the city. He did not receipt for the principal sum in full but, on the contrary, notified the representative of the city who made the payment that the amount was insufficient. I cannot see how a relinquishment of his claim for interest can fairly be spelled out of his receipt of the principal under these circumstances; nor have I found any case which compels us so to hold. Where the right to recover interest has been denied because a claim-

ant has accepted the principal it has usually been pointed out that such acceptance was unconditional or without any suggestion of a future claim to interest.

The case of *Jacot* v. *Emmett* (11 Paige, 142, 146) involved the liability of an administrator for interest on moneys remaining in his hands where an attorney had received from him the balance appearing to be due to his client and had given a receipt for the same at the foot of the account without making any reservation of a claim for interest. The chancellor held that the settled account was conclusive between the parties; and that where interest was only recoverable as damages for the non-payment of the principal sum the receipt of the principal debt by the creditor unaccompanied by any other action on his part was a bar to any claim for interest thereon. Speaking of the receipt by the attorney, he said: " The receipt of the balance of the account as stated, *without any reservation* of the right to claim interest afterwards, was therefore a waiver of the claim." The plain implication here is that such a reservation would have prevented a waiver; and there was such a reservation in the case at bar.

In *Hamilton* v. *Van Rensselaer* (43 N. Y. 244, 246) it is stated generally that when interest is only recoverable as damages after default in the payment of the principal, the receipt of the principal debt is a bar to the claim for such interest; but as *Jacot* v. *Emmett* (*supra*) is cited as authority for the proposition it must be regarded as subject to the same proviso implied in that case, to wit, that it operates as a bar only where there was no reservation of the right to claim interest afterwards.

In an action against the city of New York to recover interest upon an award for land taken for a school site, it was held that the payment of the amount awarded by the commissioners without interest did not prevent the

landowner from subsequently claiming the interest. " The plaintiff," said the court, speaking through PECK-HAM, J., " did not receive the amount paid as in full of her . claim, but on the contrary claimed the interest and protested against its non-payment." (*Devlin* v. *Mayor*, *etc., of N. Y.*, 131 N. Y. 123, 127.)

I think that the correct rule applicable to such a case as that before us was well expressed by the United States Court of Claims in *Hobbs* v. *United States* (19 Ct. Cl. Rep. 220), in which the plaintiff demanded the whole amount of the judgment in his favor, but accepted payment of the principal on being informed that the appropriation was not sufficient to permit payment of the whole amount. It was held that he was not thereby deprived of his right to claim the interest, the court saying: " When payment of the principal is accepted and no account is made of the interest, it may well be presumed that it was not the intention to exact it. But such presumption is open to rebuttal. To this end, all the conversation and acts of the parties and the circumstances showing their intention ought to be considered." On the proof in the present case, if it had gone to the jury, they might well have found that the presumption had been rebutted.

The interest being only recoverable as damages for the non-payment of the principal when due, it was necessary for the plaintiff to prove a timely demand for the principal. This I think he did by showing that he protested to the commissioner at the head of his department early in September, 1904, against the reduction of his salary, at the same time making a formal demand for reinstatement and the full salary. His action in this respect together with his protest against the reduction, which he made to each representative of the city who paid him his salary and the form of the receipt which he always gave, sufficed in my opinion to preserve his rights.

The law should not be so applied as to create presump-

tions which have no actual basis of fact in the intention of the parties. It may well be held, as it was in the *Cutter* case, that a party is bound by a receipt in full instead of being protected by an inconsistent protest made at the time of giving the receipt, but there is no valid reason that I can perceive for holding that the mere acceptance of compensation which is unquestionably due to a public servant deprives him of all claim for interest by way of damages against the municipality which has unlawfully withheld it from him, when he expressly declares that he receives it only on account and that more is due him. No case is cited by the respondent which goes as far as this and in the absence of controlling authority I am not willing to sanction any such doctrine.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CHASE, HOGAN, CARDOZO and POUND, JJ., concur; CUDDEBACK, J., dissents.

Judgment reversed, etc.