Matter of the Application of THOMAS FRANCIS MUR-PHY for a Peremptory Writ of Mandamus *v.* WILLIAM A. PRENDERGAST, as Comptroller of The City of New York.

(Supreme Court, Kings Special Term for Motions, March, 1917.)

Highways — awards for damages sustained by change of grade — interest — city of New York — damages — when writ of mandamus issues — Highway Law, § 59-a.

The provision of section 59-a of the Highway Law, that whenever awards are made for damages sustained by a change of grade " the award for the principal amount of damages sustained shall bear interest at the rate of six per cent. per annum from the time of the change of grade to the time of payment of the award," is of general application, and the receipt of the principal of an award for damages for the change of grade in front of petitioner's premises in the city of New York, and the giving of a receipt in full payment, without reserving the right to interest, is not a bar to a claim therefor, even though no demand for interest was made when the principal was received.

APPLICATION for a peremptory writ of mandamus.

Philip M. Bromberg, for petitioner.

Lamar Hardy, Corporation Counsel (Charles J. Nehrbas, of counsel), for respondent.

CROPSEY, J. The application is for the allowance and payment of interest upon an award for damages for the change of grade in front of petitioner's premises; interest is claimed from the time of the actual change of grade to the time of payment of the award. There is no issue of fact. In October, 1913, the physical work of grading Twenty-third avenue was com-

menced and it was completed on May 30, 1914. On January 19, 1915, an award of $1,000 for petitioner's damage was confirmed, and this sum was paid on February 9, 1915. At the time petitioner signed a receipt which stated that it was "in full payment of above account," which set forth the award of $1,000 as damages to the property in question. The account also contained this statement, "all computations including interest verified $1,000."

The claim for interest is based on the provisions of chapter 701 of the Laws of 1910, an amendment of the Highway Law which added to it section 59-a. It provided that whenever awards are made for damages sustained by a change of grade, "the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of payment of the award." This statute is of general application and the provisions of the charter (§§ 951, 953) are not in conflict with it. That it is applicable to proceedings in the city of New York is conceded by the corporation counsel. The sole ground of opposition to this application is that the receipt of the principal of the award and the giving of a receipt in full payment, without reserving the right to the interest, bars the present claim. The petitioner does not contend that any demand for interest was made when the payment of the principal sum was received. It may be that he did not then know of the existence of the statute which made him entitled to the interest. But, be that as it may, it is immaterial to the proper disposition of this application.

The statute referred to (Laws of 1910, chap. 701) in effect makes the interest allowed a portion of the damages sustained by property owners in proceedings to change the grade of streets. It frequently happens,

as in this instance, that the physical change of grade is brought about long before an award for the damages sustained is made. In the charter there was no provision by which the property owner could receive interest on the amount of the award from the time of the actual change of grade. His damage was sustained when the grade was changed, but frequently the award for the damage would not be made until long after. Evidently it was to overcome this injustice that the statute was passed whereby the property owner would receive interest on the amount of his damages from the time they were sustained to the time they were paid, regardless of when the award was made. The interest so awarded is in no sense as damages for the failure to pay. This distinction is of vital importance, as the cases point out.

It has been held that the receipt of a principal sum is a bar to a subsequent claim for interest, where interest is recoverable only as damages. *Jacot* v. *Emmett,* 11 Paige, 142, 146; *Hamilton* v. *Van Rensselaer,* 43 N. Y. 244, 246. It was suggested in the *Jacot* case that if there was a reservation of the claim for interest made at the time of receiving the principal sum the rule might be different. This suggestion, however, was subsequently overruled in *Cutter* v. *City of New York,* 92 N. Y. 166, where interest was demanded at the time and the principal was received under protest and with a saving of all the claimant's rights. If there is to be any rule barring claims for interest after the principal is paid, that laid down in the *Cutter* case would seem to be the logical one. The provision for interest in that case, however, was entirely different from that contained in the statute which is here applicable. There the court said (p. 170) : '' No other provision is made for the accruing or running of interest, and it was in

no sense incident to or part of the original award. It is given as damages for non-payment or detention of the money awarded, and does not constitute a debt capable of a distinct claim." Citing cases. " It could only be recovered with the principal by action. Acceptance, therefore, of the sum awarded in full payment of the principal prevents an action for those damages. If the plaintiff meant to have demanded the interest, she ought not to have received the principal. In the face of that fact, protest against the refusal of the defendant to pay interest is of no importance." And again (p. 171) : " There was no contract liability of the defendant for interest when the settlement was made. It could not become a debt against the defendant until judgment, and would then become due because allowed as damages." Still further, referring to the claim that because the right to interest had been asserted it could later be enforced, the court said (p. 172) : " nor could she (plaintiffs' testator), by any avowed reservation, create a right which had no existence."

But in *Grote* v. *City of New York,* 190 N. Y. 235, the court allowed a recovery of interest after the principal had been paid, where at the time of such payment the claim for interest was reserved. This case apparently is in conflict with the *Cutter* case, and though that case was cited in the opinion in the Appellate Division (117 App. Div. 768) and in the respondent's brief in the Court of Appeals it is not referred to in the opinion in the latter court. The court contents itself by saying (p. 237) : " The authorities to which the learned Appellate Division calls attention are clearly distinguishable." The distinguishing features of the *Cutter* and *Grote* cases do not appear to be so clear as the court says. In fact the cases seem to be the same, though the holdings are the opposite.

Still later, in *Shepard* v. *City of New York,* 216
N. Y. 251, the court extended the rule further and
allowed a recovery of interest after the principal had
been paid, although no express reservation was made
of it, the payment being received " on account." The
opinion in this case states that it is distinguishable
from the *Cutter* case. The differences are said to be
that in the *Shepard* case the payment of the principal
was not received as a payment in full and there was
no suggestion that an additional payment would be
made. The court said (p. 259) : " there is no valid
reason that I can perceive for holding that the mere
acceptance of compensation which is unquestionably
due to a public servant deprives him of all claim for
interest by way of damages against the municipality
which has unlawfully withheld it from him, when he
expressly declares that he receives it only on account
and that more is due him."

There would seem to be little difference between the
*Shepard* case and the *Cutter* case. In the latter there
was a receipt " in full," but it was given at the same
time the claimant protested in writing that interest
was due, and she reserved to herself all her rights.
There is no apparent difference in principle between
this situation and that in the *Shepard* case, where the
payment was receipted for on account; and the above
quotation from the *Shepard* case would seem to fit
perfectly the facts in the *Cutter* case.

It is rather difficult to extract a rule from these
several cases. It must be recognized that the princi-
ple laid down in the *Cutter* case, that interest could
not be recovered where it arose merely as damages
after the principal had been paid, is no longer the law.
Wherever a claim for the interest is made at the time
the principal is paid or the principal is not accepted
in full payment, then it seems the interest may later

be recovered. But if the recovery of the interest is not barred by reason of the failure to receive it when the principal is paid, there appears to be no reason in the rule which would permit it to be recovered later if the claim for it was reserved at the time, and to refuse a recovery of it when such claim was not reserved. If there is any right to recover the interest after the payment of the principal, there should be no need of reserving that right when the principal is paid; and if there is no right to the interest independent of the principal, the statement in the *Cutter* opinion, that no right could be created by an avowed reservation, seems to be logical.

In *Hobbs* v. *United States,* 19 U. S. C. C. 220, 228, it is stated: " When payment of the principal is accepted and no account is made of interest, it may well be presumed that it was not the intention to exact it. But such presumption is open to rebuttal. To this end, all the conversations and acts of the parties and the circumstances showing their intention ought to be considered." But why the question of intention is to control is not clear. If the claimant is entitled to interest, it should be recoverable at any time. If he is not entitled to it except it is received when the principal is paid, then no reservation of it can give him that right and the question of intention would not enter in.

An entirely different rule applies where the interest is a part of the compensation or award allowed or of the amount recovered. Then the failure to obtain the interest when the principal is paid makes no difference. *Devlin* v. *City of New York,* 131 N. Y. 123. While in that case the interest was claimed at the time the principal was paid, that is not essential to the right subsequently to recover it. Where interest forms a part of the claim and is not merely recov-

Supreme Court, March, 1917.          [Vol. 99.

erable as damages, a payment made on account of the whole sum due may be first applied to the payment of the interest and the balance to the payment of the principal. *People* v. *County of New York,* 5 Cow. 331, 337; *Merchants' Bank* v. *Freeman,* 15 Hun, 359; *Dean* v. *Williams,* 17 Mass. 417. This is true whether the interest is due under a contract or as damages. *Story* v. *Livingston,* 13 Pet. (U. S.) 359, 371; *Shepard* v. *City of N. Y.,* 216 N. Y. 251, 256.

In the present case the voucher referred to in the receipt shows that the payment of $1,000 was intended to include interest, for it reads: " all computations including interest verified." The fact that it did not include interest is conceded. The award was $1,000 without interest. So the payment that was made could probably be applied in the manner set forth in the authorities cited. The fact that the receipt states that the sum was " in full payment " means nothing, that is, it has no force or effect when the conceded facts show that it was not a correct statement. The payment made was not " in full." More than $1,000 was due the petitioner for his award and interest. The fact that he signed a receipt " in full " does not prevent him from recovering the balance that is actually due him. The language of such receipts is not conclusive, and they can be varied or contradicted. *Komp* v. *Raymond,* 175 N. Y. 102, 109, 110, and cases cited.

Such a receipt is not a bar, even though there was no mistake or fraud. *Ryan* v. *Ward,* 48 N. Y. 204; *Eames Vacuum Brake Co.* v. *Prosser,* 157 id. 289, 300. Cases analogous to the one at bar are those in which public employees who have received less compensation than was fixed by law recover the difference, although they have given receipts for full payment, and even though they had expressly agreed to serve for the

lesser wage. *Clark* v. *State of New York*, 142 N. Y. 101, 103; *Kehn* v.*State of New York*, 93 id. 291; *Moore* v. *Board of Ed.*, 121 App. Div. 862, 866; affd., 195 N. Y. 614. A peremptory writ of mandamus must issue, with ten dollars costs.

Application granted, with costs.