Harry Allen, Claimant, v. The State of New York.

## Claim No. 15531.

(State of New York, Court of Claims, April, 1921.)

**Damages — interest upon award.**

> An award made pursuant to chapter 612 of the Laws of
> 1918, which is silent as to interest, carries interest under section
> 59-a of the Highway Law.

Claim for damages sustained by reason of change in grade of a highway.

George F. Thompson, for claimant.

Edward M. Brown, Deputy Attorney-General, for the State of New York.

Corwin, J.  This claim is for damage to real property situate in the village of Middleport, caused by the change in the grade of the highway in front of said property; and is made under the provisions of chapter 612 of the Laws of 1918, conferring upon the Court of Claims jurisdiction to hear, audit and determine all claims for damages theretofore or thereafter sustained by reason of change of grade of any highway or street caused by building new bridges and approaches thereto to the enlarged or improved canals in connection with the improvement of the Erie, Champlain and Oswego canals; and providing that the Court of Claims may make an award for damages suffered and render judgment therefor in favor of any claimant for the amount justly and equitably found to have been suffered by any claimant.  The question to be determined is whether the court may allow interest upon an award made by virtue of the said statute.  The statute itself is silent upon the subject.

Section 59-a of the Highway Law (Laws of 1910, chap. 701) provides as follows: "Whenever awards shall be lawfully made, pursuant to any statute of this· state, for damages sustained by real estate or any improvements thereon by reason of any change of grade of any street, avenue or road in front thereof, the award for the principal amount of damages sustained shall bear interest at the rate of six per centum per annum from the time of the change of grade to the time of the payment of the award."

In an opinion sustaining the constitutionality of this statute the Court of Appeals has held that this is a general law, embracing in terms all awards thereafter made. *People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188.

While it is difficult to conceive of language more broad and comprehensive than that in which the above quoted section of the Highway Law is couched, before it can be held to be applicable to claims against the state the question must be determined whether the state has, by either or both of the above quoted statutes, waived its immunity from liability to such an extent that in addition to the award, interest thereon may be allowed.

In *Smith* v. *State of New York,* 227 N. Y. 405, 410, the rule is enunciated that "Statutes in derogation of the sovereignty of a state must be strictly construed and a waiver of immunity from liability must be clearly expressed." Inasmuch as the enabling act of 1918 is silent upon the question of interest, it is apparent that an award of interest can be justified only by reliance upon the section of the Highway Law above referred to. This general statute in effect makes the interest allowed a portion of the damages sustained (*Matter of Murphy* v. *Prendergast,* 99 Misc. Rep. 326; affd., 179 App. Div.

Surrogate's Court, New York County, April, 1921.    [Vol. 115.

904; *Matter of Crane* v. *Craig*, 230 N. Y. 452); and this being so, the language of the enabling act authorizing the Court of Claims to " make an award for damages suffered and render judgment therefor in favor of any claimant for the amount just and equitably found to have been suffered by any claimant " is sufficient to authorize the allowance of interest upon the award from the time of the change of grade.

ACKERSON, P. J., concurs.

Ordered accordingly.