GRADY WATTS et al., Appellants, *v.* ENCORE MUSIC PUBLICATIONS, INC., Respondent.

BREITEL, J. (dissenting in part). Plaintiffs, composers of a musical composition, sued defendant, a music publisher, seeking, among other things, to recover for failure to account and make royalty payments as required under their written contract. Involved is the question whether acceptance by the composers of an amount equal to the principal due under the contract, during the pendency of their motion for partial summary judgment, disentitled them to interest.

Defendant, in answering the complaint, did not deny its failure to pay the amounts due under the contract. Rather, it merely claimed that such failure

over a period of at least five years was inadvertent and that it had insufficient time, after demand, within which to make the required payments.

Plaintiffs moved, on December 15, 1954, for partial summary judgment for the sum of $3,258.73, plus interest. After receipt of the notice of motion, and on December 26, 1954, but before the return date, defendant, conceding that it owed the principal amount, paid an amount equal to the principal to plaintiffs. The payment was by check forwarded by letter from defendant's attorney to plaintiffs' attorneys. There was no reference to interest as distinguished from principal. Then, in opposing the motion for partial summary judgment, defendant recited the fact of payment of the amount equal to the principal. Plaintiffs, in their supplemental affidavit, noted, however, that their claim was not satisfied since they had not received interest. Their motion was denied.

Even in the absence of an agreement, express or implied, to pay interest, the obligee is entitled to interest on the amount of the debt, as an item of damages. In such a case, a payment on the debt, unless otherwise applied by the creditor, is generally first applicable to the interest due, and then to the principal. (*Shepard* v. *City of New York,* 216 N. Y. 251, 256.) In the *Shepard* case, it was said (p. 256): "The general rule is that in the absence of an agreement providing otherwise payment upon a debt consisting of principal and interest not actually applied by the debtor or creditor is first applicable to the interest due, and then to the principal. (*Merchants Bank* v. *Freeman,* 15 Hun 359; *Dean* v. *Williams,* 17 Mass. 417; *Moore* v. *Kiff,* 78 Pa. St. 96; *Bradford Academy* v. *Grover,* 55 Vt. 462.) This rule applies equally whether the debt be one which expressly draws interest or a debt upon which interest is given as damages. (*Story* v. *Livingston,* 13 Peters [U. S.], 359.)".

In applying the payment, the option is with the creditor. Specifically, in order to foreclose a claim for interest, "there must be affirmative acceptance of the payments as applicable to the principal of the debt only and the actual exercise by the creditor of the option". (*Davison* v. *Klaess,* 280 N. Y. 252, 262.) Where the creditor, in receiving payment of an amount equal to the principal, accepts it unconditionally or without a suggestion of a claim to interest, it is generally assumed that the payment is in full satisfaction of the debt and interest. (*Shepard* v. *City of New York, supra,* pp. 256–257.) Thus, in such a situation, it has been said that "the interest is not regarded as a part of the debt, but as a mere incident to it, and the receipt of the principal bars a subsequent claim for the interest for the reason that \* \* \* interest being a mere incident, cannot exist without the debt, and the debt being extinguished the interest must necessarily be extinguished also". (*Matter of Crane* v. *Craig,* 230 N. Y. 452, 461.) But this rule is not one of inexorable application. It depends upon an unequivocal acceptance of the amount as principal only, and not on account of principal and interest. It merely describes the intention of the parties inferred from the facts. Where it is clear from the obligee's conduct that he intends to claim interest, and accepts the payment on account of the total debt, principal and interest, the rule of the *Crane* case does not apply. (*Shepard* v. *City of New York, supra; Davison* v. *Klaess, supra.*) The latter is the situation in this case.\*

---

\* The rule has not always been the same. For a description of the cases in the entire line of development, see 2 Clark on New York Law of Damages, §§ 908–910.

Applying these principles, it is clear that the composers were pressing their claim for interest. It was not until they had moved for partial summary judgment that they got action from the delinquent publisher. This, although it acknowledged liability to them, and demand, unnecessary under the contract, had been made on it many months before the action was brought. The publisher's mere payment of an amount equal to the principal of the debt, concededly owed, in the face of obvious and imminent recovery of both principal and interest, to which there was no defense, does not now foreclose its liability for the interest.

For over five years defendant withheld plaintiffs' moneys, had the use of it, and is now responsible in damages measured by interest. To this defendant has no defense, for the circumstances of the payment, undisputed, negative any waiver of interest. On the contrary, the circumstances evidence an *undisputed assertion of a claim for the interest*. When defendants made the payment, no reference was made with respect to interest. They hoped to slip by and reduce their accrued liability. It did not work. Promptly plaintiffs submitted supplemental affidavits on their pending motion pressing for the payment of interest. To this claim defendant made no answer, except that it paid the principal amount due. That, as we see, is no legal answer. There is no triable issue of fact and plaintiffs are entitled to partial summary judgment for an amount equal to the interest.

Accordingly, insofar as the order denied the motion for partial summary judgment to the extent of an amount equal to the interest, it should be modified and otherwise affirmed.

Peck, P. J., Cohn, Callahan and Botein, JJ., concur in decision; Breitel, J., dissents in part and votes to modify and affirm.

Order, so far as appealed from, affirmed, with $20 costs and disbursements to the respondent.