DAVID B. SICKLES, as Temporary Receiver of THE HARLEM
RIVER BANK, Respondent, v. GEORGE HEROLD, Appellant.

STATE BANK IN HANDS OF RECEIVER — INTEREST UPON DEPOSITS —
DEMAND.   While, in the absence of proof or admission of the insolvency
of a state bank, insolvency is not inferable from the mere appointment of
a temporary receiver pending the trial of an action instituted by the
superintendent of the banking department for the dissolution of the bank
so as to excuse a demand in order to make a deposit commence to draw
interest, the service of an answer asking, by way of counterclaim, to have
the amount of defendant's deposit set off against the plaintiff's claim, in
an action brought by the temporary receiver upon a promissory note given
by a director to make up an impairment of the bank's capital, is to be
treated as a demand and will entitle the defendant to an allowance of
interest upon his deposit from the date of such demand.
   *Sickles, Recr.*, v. *Herold*, 15 Misc. Rep. 116, modified.

(Argued April 15, 1896; decided April 28, 1896.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made December 30, 1895, which
affirmed a judgment in favor of plaintiff entered upon a decis-
ion of the court after a trial without a jury and also affirmed
an order denying defendant's motion to correct the judgment
by reducing the amount of interest allowed therein.

   The nature of the action and the facts, so far as material,
are stated in the opinion.

   *Charles E. Hughes* and *Seward Baker* for appellant.   The
note was without consideration. (Pollock on Cont. 166;
*Hamer* v. *Sidway*, 124 N. Y. 546; *Miller* v. *McKenzie*, 95
N. Y. 575; *Train* v. *Gold*, 5 Pick. 380; *Ewing* v. *Chase*, 2
Del. Ch. 278; *Strong* v. *Sheffield*, 144 N. Y. 395; *U. & S.
R. R. Co.* v. *Brinckerhoff*, 21 Wend. 139; *M. & B. P. R. Co.*
v. *Snediker*, 18 Barb. 317; *Walker* v. *Gilbert*, 2 Daly, 80;
*Webb* v. *Albertson*, 4 Barb. 51; *Perkins* v. *Proud*, 62 Barb.
420.)   The defendant is not estopped from alleging want of
consideration.   (*Webb* v. *Albertson*, 4 Barb. 51; *Richardson*

v. *Crandall,* 48 N. Y. 348; *Agricultural Bank* v. *Robinson,* 24 Maine, 274; *L. R. Bank* v. *Hewitt,* 50 Maine, 267; *Hurd* v. *Kelly,* 78 N. Y. 588; *Best* v. *Thiel,* 79 N. Y. 15.) The defendant's note was not to be enforceable until a deficiency had been ascertained in the assets to which the bank examiner objected. The promise of the defendant ran to the bank, and this promise was upon an express condition which has not been performed. (*Seymour* v. *Cowing,* 1 Keyes, 532; *Benton* v. *Martin,* 52 N. Y. 570; *Isaacs* v. *Jacobs,* 29 N. Y. S. R. 145; *Garfield Bank* v. *Colwell,* 57 Hun, 169; *Ostrander* v. *Snyder,* 73 Hun, 378.) The defendant as a surety is equitably entitled to have the plaintiff resort, in the first instance, to the securities in his possession, to which his note, if enforceable at all, is collateral. (*Ex parte Kendall,* 17 Ves. 513; *Hayes* v. *Ward,* 4 Johns. Ch. 123; *Wright* v. *Austin,* 56 Barb. 13; *Sheppard* v. *Conley,* 30 N. Y. S. R. 639; *Soule* v. *Ludlow,* 6 T. & C. 24; *Riverside Bank* v. *Totten,* 33 N. Y. S. R. 845; *Colgrove* v. *Tallman,* 67 N. Y. 95; *Chatfield* v. *Simonson,* 92 N. Y. 216, 217; *Acer* v. *Hotchkiss,* 97 N. Y. 409, 410.) The court erred in denying defendant's motion to correct the judgment by allowing interest only upon the difference between the face of the note in suit and the established counterclaims. (*Wilson* v. *Phœnix Bank,* 8 Metc. 217; *Planters' Bank* v. *Bank,* 8 G. & J. 449.)

*George M. Mackellar* for respondent. The note was not void for want of consideration. (*Barlow* v. *Myers,* 64 N. Y. 43; *Lawrence* v. *Fox,* 20 N. Y. 268; *Vrooman* v. *Turner,* 69 N. Y. 283; *Garnsey* v. *Rogers,* 47 N. Y. 233; *Rector, etc.,* v. *Teed,* 120 N. Y. 583; *Hewitt* v. *Curren,* 63 Wis. 386; *Traders' N. Bank* v. *Parker,* 130 N. Y. 415–421; *Becker* v. *Torrance,* 31 N. Y. 631; *Hamer* v. *Sidway,* 124 N. Y. 538; *Given* v. *Corse,* 20 Mo. App. 132.) The defendant is estopped from alleging want of consideration or invalidity of the note. (*Hurd* v. *Kelly,* 78 N. Y. 588; *Best* v. *Thiel,* 79 N. Y. 15.) There was no agreement that the note should not be enforceable until a deficiency had been ascertained in the

assets rejected by the banking department. (Bayliss on New Trials & Appeals, 174, 175; Daniel on Neg. Inst. [4th ed.] §§ 80, 81; Brown on Parol Ev. 245.) The defendant's claim that he is entitled to be subrogated to the debts, securities, overdrafts, etc., for which the note in suit was given as collateral security, but that he cannot be so subrogated by reason of the adverse interests of the defendant and other directors of the bank, etc., is untenable. (*Farebrother* v. *Wodenhouse*, 23 Beav. 18; *Grubbs* v. *Wysors*, 32 Gratt. 127; *N. Y. M. R. Co.* v. *Wortendyke*, 27 N. J. Eq. 658; *Wilcox* v. *F. H. Bank*, 7 Allen, 270; *Platt* v. *Brick*, 35 Hun, 121; *F. Nat. Bank* v. *Wood*, 71 N. Y. 405; *Wade* v. *Coope*, 2 Sim. 155; *Crunip* v. *McMurtry*, 8 Mo. 408; *Lynch* v. *Hancock*, 14 S. C. 66; *Cooper* v. *Jenkins*, 32 Beav. 337; *Ex parte Rushforth*, 10 Ves. 420.) The court did not err in disallowing interest upon defendant's counterclaim. (*People* v. *St. Nicholas Bank*, 76 Hun, 522.)

Haight, J. This action was brought to recover the amount of a promissory note.

In November, 1893, the chief examiner of the banking department investigated the condition of the Harlem River Bank. He objected to certain securities which he found among its assets, and required the directors to make good the amount which he deemed the capital had been impaired. The defendant was a stockholder and one of the directors of the bank. He gave the note in suit in order that the bank might continue business. The note, with others executed by the directors of the bank, was received and placed in its vault. The bank was permitted by the superintendent to continue its business until the 26th day of April, 1894, at which time he took possession and closed its doors. An action was then brought for its dissolution and liquidation, and pending such action the plaintiff was appointed temporary receiver and subsequently brought this action.

The defendant in his answer, by way of counterclaim, asked to have the amount on deposit in the bank, to his credit, offset

as against any amount that might be found due and owing by him upon the note.

We are quite content with the disposition of the case made below, for the reasons stated by DALY, Ch. J., except as to the question of interest. The deposit standing to the credit of the defendant did not draw interest and such deposit did not ·become due until demand, unless circumstances arose which rendered a demand unnecessary, such as the actual insolvency of the bank, or its refusal to pay. This case is distinguishable from one in which the officers of the bank voluntarily close its doors and refuse to continue its business, or from one where there has been an adjudication that the bank was insolvent. Here the superintendent of the banking department took possession of the bank and caused the action to be instituted in which the plaintiff was appointed receiver. The officers of the bank do not appear to have in any manner consented. Insolvency is neither admitted nor proven. It is the chief question to be determined by the trial in that action. In case it should turn out that the bank was solvent and that the superintendent improperly took possession, it might be inequitable to impose upon the stockholders the liability to pay interest upon all of the deposits.

We think, therefore, that in the absence of proof of or an admission of insolvency on the part of the officers, it will not be inferred from the mere appointment of a temporary receiver pending the trial so as to excuse a demand. The bringing of an action, however, is in effect a demand, and the interposing of a counterclaim by way of answer by analogy is of the same effect. It consequently appears to us that when the defendant served his answer asking to have the amount of deposit standing to his credit applied as a set-off against the plaintiff's claim, that that should be treated as a demand and that he should be allowed interest thereon from that date.

The judgment should be modified accordingly, and as so modified affirmed, without costs of this appeal to either party.

All concur.

Judgment accordingly.