Wilson, J.
This is an appeal from a judgment on the pleadings in favor of the defendant bank. From these pleadings it appears that on the 22 i day of April, 1896, the comptroller of the currency of the United States suspended the current business of the defendant bank, and appointed a temporary receiver, who thereupon took possession of defendant’s books, records and assets. That said temporary receivership and suspension of business continued to the 8th day of January, 1897, when the defendant, upon compliance with certain requirements of the comptroller, was permitted to, and did, resume its general banking business, and has ever since continued therein. It further appears, that at the time of suspension, the plaintiff had about $700 on general deposit in the bank, subject to check; that no demand therefor was made until the bank resumed business on January 8, 1897, when he demanded through his agent payment of the principal, with eight per cent interest thereon from the time when the suspension of business first occurred. The principal was paid, but the payment of interest was refused. Thereupon, he commenced this suit therefor. It has been repeatedly held in this jurisdiction that interest in Colorado is a creature of statute, and regulated thereby, and that in the absence of contracts to pay the same, it is only recoverable in the cases specifically *481 enumerated in the statute. R. R. Co. v. Conway, 8 Colo. 16; DeRemer v. Parker, 19 Colo. 246; Pettitt v. Thalheimer, 3 Colo. App. 355.
The right, therefore, to recover interest in this state is purely a legal, and in no sense an equitable one. The section of the interest statute bearing upon the question at issue is as follows:
“ Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereof be made; also, on money due on mutual settlement of accounts from the daté of such settlement on money due on account from the date when the same became due, and on money received to the use of another and detained without the owner’s knowledge.” Laws, 1889, p. 206, sec. 2; Mills’ Ann. Stats, sec. 2252.
If recoverable at all in this case, it is only under that provision of the statute which provides for its allowance on “ money due on account from the date when the same became due.” All authorities agree that in cases of general deposits in a bank like the one under consideration, unless theré be some agreement or usage to the contrary — and none is pleaded in the case at bar — the undertaking of the bank is only to repay upon demand. Such an account, therefore, does not become due until demand is made for it, and the bank is not in default, or liable to respond in damages, until such demand and refusal. Girard Bank v. Penn. Township Bank, 39 Pa. St. 92; Munnerlyn v. Savings Bank, 88 Ga. 333. Hence, under this general rule, the plaintiff was not entitled to receive interest on his deposit, unless the circumstances were such as to legally excuse him from making a demand prior to the time when he did make it. This is the contention of the plaintiff, and presents for determination the sole issue in *482 the case. His argument is, that since a temporary receiver appointed by the government had taken possession of the assets of the bank, a demand would have been unavailing and futile, and that the law does not require a mere idle ceremony. Only one authority directly in point has been cited by counsel on either side, and this is against the position of plaintiff. Sickles v. Herald, 149 N. Y. 335.
We think the better reason, especially considering the special provisions of our statute and the decisions thereon of our supreme court, is in favor of the doctrine laid down in this case. It would seem that our statute, because it imposes upon the debtor an additional burden in the way of damages for the withholding of money after it becomes due on account, should be strictly construed. If there be any doubt about the maturity of the debt, this doubt should not, in reason and justice, be resolved against the debtor. If any act was required on the part of the creditor in order to bring about the maturity of the indebtedness, we do not believe he should be excused from the doing of this act merely upon the belief— however well grounded it might be — that the debtor could not satisfy the debt. The object of a demand is not only to secure payment of the account, if possible, but to bring about the maturity of the indebtedness, and thereafter, if payment is refused, to secure the additional right under the law to demand and receive interest — an additional sum of money— as damages for withholding payment. The same rule should apply in the case of a bank as in that of an individual, and it certainly could not reasonably be claimed that in the latter case a demand would be excused on the ground that the debtor was, or was believed to be, unable to pay if demand should be made. It will be observed that, in this case, the appointment of a receiver was only temporary. There was no allegation of insolvency. On the contrary, the reasonable presumptions arising from the facts stated are to the contrary. It is not to be supposed that the government would have permitted a resumption of business and that the bank would have continued in business, as alleged, if it had been insolvent. *483 Whilst, as we have said, the right to recover interest in this state is purely a statutory, legal right, and not an equitable one, still in the determination of whether a given state of facts brings the case within the statute, the results of such a construction might he properly considered. If the doctrine urged by plaintiff is correct, then all the deposits of a bank would, without demand,- bear interest, no matter how temporary or of short a duration the suspension may be. The suspension might be for only a few days or weeks, and the deposits amount to millions of dollars. In such case, the loss to the individual depositor would be trifling, if any — to many, none at all — but the burden imposed upon the stockholders of the bank would he unreasonable, inequitable and onerous in the extreme.
The demand was not impossible, because the entity of the corporation was not destroyed by the appointment and possession of the temporary receiver. The proper officers of the bank could still have been reached for the purposes of making a demand. We see no reason, either, why a demand could not have been made upon the receiver, if he were in charge as alleged in the complaint.
The authorities cited by counsel for plaintiff, and hearing upon the principles involved in the case, are all in cases where the bank was insolvent, and, as such, had made an assignment, or had been taken possession of by the proper parties for the purpose of liquidation. We can see some reason why a demand by a depositor, in such case, should not be necessary to bring about the maturity of his debt. By operation of law in such case, it might be said all the indebtedness of a bank matured upon the coming about of such a state of affairs. The object of the assignment, and of the appointment of a receiver, would be for the express purpose of winding up the affairs of the bank and discharging all of its indebtedness — to the extent, at least, its assets would allow. This, however, is not the case presented here, and we express no opinion upon it.
If a demand should be excused on the assumption that the *484 debtor would be unable to pay, why might it not, with equal propriety, be assumed that by a failure to demand the creditor elected that he would not declare the debt to be due, and that he waived any right to demand interest?
We do not say that in no case in this state could a debt due upon demand mature until a demand is specifically made, but we do say that the circumstances'of this case, as presented by the pleadings, were not sufficient, under our statute and under the general tenor and spirit of its judicial interpretation by our appellate courts, to have excused a demand by plaintiff, and entitle him to receive interest upon his deposit account as claimed by him.
For these reasons, the judgment will be affirmed.

Affirmed.