THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MERCHANTS' TRUST COMPANY, Defendant.

JACOB L. PHILLIPS et al., as Stockholders of the MERCHANTS' TRUST COMPANY, Appellants.; VICTOR C. PEDERSEN et al., as Depositors of the MERCHANTS' TRUST COMPANY, Respondents.

CORPORATIONS — INTEREST UPON CLAIMS OF CREDITORS OF INSOLVENT TRUST COMPANY — CONTRACT RATE BEFORE, LEGAL RATE AFTER THE APPOINTMENT OF RECEIVER. In an action brought by the attorney-general to wind up the affairs of an insolvent trust company, interest should be allowed to creditors having special interest contracts with the company at the contract rate to the date the receiver takes possession of its assets; thereafter interest is allowable against the company, if the assets are sufficient after payment of the principal of the indebtedness, as established at the time the receiver took possession, and should be paid at the legal rate before the distribution of the surplus to stockholders.

. *People* v. *Merchants' Trust Co.,* 116 App. Div. 41, affirmed.

(Argued January 10, 1907; decided January 29, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 28, 1906, which affirmed an order of Special Term directing the receivers of the defendant to pay interest upon the claims of creditors. The following questions were certified :

" I. Are depositors and holders of certificates of deposit, having special interest contracts with the Merchants' Trust Company, entitled to payment, in addition to the amounts already paid to them respectively, to wit: the full amount of the principal of their deposits, of any interest whatever upon their respective balances after May 23, 1905, the date of the appointment of the receivers of said Merchants' Trust Company; and, if so, are they entitled to interest at the contract rate or at the legal rate?

" II. Are depositors and holders of certified checks, having no interests contracts with the Merchants' Trust Company, entitled, in addition to the sums already received by them, to wit: the full amount of the principal of their claims, to interest upon their respective credit balances and sums owing them after May 23, 1905?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall, Lawrence Arnold Tanzer* and *Abraham Benedict* for appellants. The depositors made no demand for the payment of their deposits of the corporation. Its property was taken into custody by the Supreme Court. The payment of the depositors being thus deferred by the operation of the law they are not entitled to interest after the date of the appointment of the receivers. (*Sickles* v. *Herold*, 149 N. Y. 332; *People* v. *C. S. Bank*, 6 Misc. Rep. 319; *Thomas* v. *W. C. Co.*, 149 U. S. 95; *G. T. Ry. Co.* v. *C. V. Ry. Co.*, 90 Fed. Rep. 163; 91 Fed. Rep. 569; *Hutchinson* v. *Otis*, 115 Fed. Rep. 937; *Solomons* v. *Am. B. & L. Assn.*, 116 Fed. Rep. 676; *S. T. Co.* v. *K. C., etc., Co.*, 129 Fed. Rep. 455; *Bowman* v. *Wilson*, 12 Fed. Rep. 864; *People* v. *A. L. & T. Co.*, 70 App. Div. 579.) At all events interest should not be allowed to the depositors beyond the contract rate. (*Miller* v. *Burroughs*, 4 Johns. Ch. 436; *Van Beuren* v. *Van Gaasbeek*, 4 Cow. 496; *Sullivan* v. *Fosdick*, 10 Hun, 181; *Andrews* v. *Keeler*, 19 Hun, 87; *Corning* v. *Pond*, 29 Hun, 129; *Ritter* v. *Phillips*, 53 N. Y. 589; *Genet* v. *Kas-*

*sam,* 21 J. & S. 43; *Patterson* v. *Graham,* 16 N. Y. S. R. 703; *Association Bank* v. *Eagleston,* 60 How. Pr. 9; *E. I. & S. R. M. Co.* v. *City of Elmira,* 5 Misc. Rep. 194.)

*Theodore Sutro, Boardman Wright* and *Ralph Barnett* for Victor C. Pedersen, respondent.  Depositors in the defendant Merchants' Trust Company, having special interest contracts or not, are entitled to interest upon the amount of their respective credit balances at the legal rate of six per cent from the time of its suspension and appointment of temporary receivers for it up to the date of payment of the final dividend upon the principal of their deposits.  (*C. Nat. Bank* v. *Bailey,* 12 Blatchf. 480; *McGowan* v. *McDonald,* 111 Cal. 57; *Matter of Hagan,* 6 Benedict, 407; *Matter of Murray,* 6 Paige, 204; *Lloyd* v. *Preston,* 146 U. S. 630; *Scott* v. *Morris,* 9 S. & R. 123; *Green* v. *Abbott,* 2 Root, 242; *Brown* v. *Lamb,* 6 Metc. 203; *Bowers* v. *Hammond,* 139 Mass. 363.)

*Joab H. Banton* and *James I. Moore* for depositors, respondents.  If the assets of a banking corporation are sufficient to pay all its creditors in full, including interest on their claims, interest must be paid, for, as against the corporation itself, interest should be allowed the creditors before the return of any surplus to the stockholders.  (*People* v. *A. L. & T. Co.,* 172 N. Y. 371; *Sickles* v. *Herold,* 149 N. Y. 332; *Mahoney* v. *Bernhard,* 45 App. Div. 499; 169 N. Y. 589; *Barnes* v. *Arnold,* 23 Misc. Rep. 197; 45 App. Div. 314; 169 N. Y. 611; *Wheeler* v. *Miller,* 90 N. Y. 353; *Richmond* v. *Irons,* 121 U. S. 64; *Williams* v. *American Bank,* 4 Metc. 317; *Parker* v. *Adams,* 38 Misc. Rep. 325; *Nat. Bank of Comm.* v. *M. Nat. Bank,* 94 U. S. 437; *Scott* v. *Morris,* 9 S. & R. 123.)

Haight, J.  The defendant was a corporation organized under the laws of this state and engaged in the business of a banking and trust company.  On or about the 23d day of

May, 1905, this action was brought by the attorney-general, in which judgment was demanded that the corporation be dissolved and its assets distributed, upon the ground that it had become insolvent and its capital stock impaired. On that day a temporary receiver was appointed to take possession of the assets of the defendant, and subsequently, and on the 24th day of June, 1905, a final judgment was entered dissolving the corporation and appointing permanent receivers to wind up its affairs. Thereupon the receivers so appointed entered upon the discharge of their duties as such, converted the assets into money and from time to time paid dividends to the creditors under the direction of the court upon the principal of such indebtedness, reserving to such creditors the right to petition the court on or before final accounting of the receivers for such relief as they may consider themselves entitled to concerning the allowance of interest upon their claims. The creditors having been paid in full for the amount of their principal indebtedness and there remaining a surplus of about $175,000, a petition was presented to the court for instructions with reference to the payment of interest upon such indebtedness, and thereupon the Special Term made an order instructing the receivers: 1. " To pay to those depositors having special interest contracts with the defendant, interest at the rate provided for in said contracts respectively, from January 1st, 1905, to and including May 23rd, 1905, and thereafter upon their respective balances up to the date of final payment of principal at the legal rate of interest. 2. To pay to those depositors having no interest contracts with the defendant, interest upon the amount of their respective credit balances from May 23rd, 1905, up to the date of final payment of principal at the legal rate of interest. 3. To pay to holders of certificates of deposit the amount of interest, if any, specified in their respective certificates from the day of the last payment of interest thereon up to and including May 23rd, 1905, at the rate specified in their respective certificates, and thereafter upon the respective credit balances due to them up to the date of final payment of

principal, at the legal rate of interest. 4. To pay to holders of certified checks interest upon the amount of their respective credit balances from May 23rd, 1905, up to the date of the final payment of principal, at the legal rate of interest."

It further appears that during the time that the defendant was engaged in conducting its banking business it had contracts with some of its depositors and certificate holders, by which it had agreed to pay interest ranging from two to four per cent.

The final judgment entered in this action dissolving the corporation adjudged that it was insolvent and that its capital stock had been impaired. Such adjudication related back to the date when the temporary receiver was appointed and took possession of the assets of the corporation. (*People* v. *Am. Loan & Trust Co.*, 172 N. Y. 371; *People* v. *Commercial Alliance L. Ins. Co.*, 154 id. 95, 96; *People ex rel. Atty. Genl.* v. *Life & Reserve Assn. of Buffalo*, 150 id. 94; *Matter of Equitable Reserve Fund Life Assn.*, 131 id. 354.) The appointment of the temporary receiver and the taking possession of the assets by him operated to prevent the defendant from paying the claims of the creditors, and thereby obviated the necessity of a formal demand for payment on their part. (*Richmond* v. *Irons*, 121 U. S. 27, 64; *Sickles* v. *Herold*, 149 N. Y. 332.) That interest was chargeable at the contract rate upon the claims of depositors and certificate holders down to the date of the appointment of the receiver and of his taking possession of the assets of the defendant does not appear to be questioned. But it is contended that after that event no interest whatever was chargeable as against the defendant or its stockholders. We think, however, that this court is committed to the doctrine that interest is allowable if the assets are sufficient to pay the same. In the case of *People* v. *American Loan & Trust Co. (supra)*, VANN, J., in delivering the opinion of the court, said : " If the assets are sufficient to pay all, including interest, it must be paid, for, as against the corporation itself, interest should be allowed before the return of any surplus to the stockholders." It may be

admitted that these remarks were unnecessary to the disposi-
tion of the case then under consideration, but the rule thus
asserted appears to us to be so eminently just and so well
supported by other authority that we now have no hesitancy
in adopting it as the rule that should be adhered to in dis-
posing of questions of this character. It is not only in accord
with the views expressed in the case of *Sickles* v. *Herold*
(*supra*), but with those expressed in *National Bank of Com-
monwealth* v. *Mechanics' National Bank* (94 U. S. 437);
*Richmond* v. *Irons* (121 id. 64); *Mahoney* v. *Bernhard* (45
App. Div. 499; affd., 169 N. Y. 589), and *Wheeler* v. *Millar*
(90 N. Y. 353, 363).

The only other question which we are called upon to con-
sider is that pertaining to the rate of interest that should be
allowed after the appointment of the receiver. After the
receiver had taken possession of the assets of the company
under such appointment, as we have seen, the corporation
became powerless to carry out its contracts with the depositors
to repay their money to them upon demand. The depositors
thereby had their right of withdrawal and payment taken
from them. The company, owing to its inability to pay,
became chargeable with a breach of its contracts, thus termi-
nating its right under the existing contracts and investing its
depositors with all the rights given by law to persons whose
contracts have been broken. To continue the interest at the
contract rate would be manifestly unjust to the creditors, for
the rates allowed under the contracts varied, as we have seen,
from two to four per cent, and it would, therefore, favor one
class at the expense of the other. We think, therefore, that
when the contracts with creditors were broken by the defend-
ant becoming insolvent and the appointment of a receiver, so
that it was unable to perform its agreements, the legal rate of
interest became the rate to which all the creditors were there-
after entitled, and it should be paid by the receivers if the
assets are sufficient. It consequently follows that in an action
brought by the attorney-general to wind up the affairs of an
insolvent bank, that interest at the contract rate should be

allowed and credited upon the accounts of its creditors to the date that the receiver took possession of its assets; that thereafter interest is not allowable as between the creditors themselves, but is allowable against the corporation; and if the assets are sufficient after payment of the principal of the indebtedness, as established at the time the receiver took possession, the interest should be paid at the legal rate before the distribution of the surplus to the stockholders.

The order appealed from should, therefore, be affirmed, and the first question certified answered in the affirmative at the legal rate, and the second in the affirmative, with costs to respondents filing briefs in this court, payable out of the fund.

Cullen, Ch. J., Edward T. Bartlett, Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Order affirmed.