AUGUSTUS H. GROTE, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

EMINENT DOMAIN — AWARD IN CONDEMNATION PROCEEDINGS — INTEREST ON AWARD — WHEN INTEREST MAY BE RECOVERED AFTER ACCEPTANCE OF AWARD BY LANDOWNER. Where an award made for lands taken for park purposes by the city of New York was accepted by the landowner under an express agreement between the city authorities and himself "that all claims for interest upon the award should be reserved to be determined in a subsequent action to be brought therefor," and at the time of the payment of the award the city inserted in the receipt the words "Reserving any and all claims for interest on the award," the acceptance of the principal sum of the award does not operate as a waiver of and a bar to the landowner's claim or right to recover interest since there is no requirement of public policy or rule of law which renders such contract void.

*Grote* v. *City of New York*, 117 App. Div. 768, reversed.

(Argued December 4, 1907; decided December 17, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1907, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Raphael Link* for appellant. Parties may agree that the acceptance of the principal debt only shall not affect the creditor's right to recover by subsequent action the interest

due as damages for default in payment of principal, and such an agreement is legal and enforceable. (*Burr* v. *Burch*, 4 Fed. Cas. 2187; *Lumley* v. *Musgrave*, 4 Bing. [N. C.] 9; *Lumley* v. *Hudson*, 4 Bing. [N. C.] 15; *Chase* v. *Manhardt*, 1 Bland [Md.], 311; *Snowden* v. *Thomas*, 4 H. & J. [Md.] 271; *B. B. Co.* v. *M. M. C. Co.*, 18 Misc. Rep. 681; *Jacot* v. *Emmet*, 11 Paige, 142; *Eames* v. *Cushman*, 135 Mass. 573; *Hall* v. *King*, 2 Colo. 711; 16 Am. & Eng. Ency. of Law [2d ed.], 1035.) The agreement to reserve the interest in this case was legal and is binding not only on the parties, but the courts as well are bound to respect and enforce it. (*Sentenis* v. *Ludew*, 140 N. Y. 463; *Mayor, etc.,* v. *M. Ry. Co.*, 143 N. Y. 11; *Foley* v. *Royal Arcanum*, 151 N. Y. 196; *Holden* v. *Met. L. Ins. Co.*, 11 App. Div. 426; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 414; *H. K., etc., Corp.* v. *Cooper*, 114 N. Y. 388; *Matter of N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 447.)

*Francis K. Pendleton, Corporation Counsel* (*James D. Bell* and *Jerome W. Coombs* of counsel), for respondent. The plaintiff by accepting the award waived any claim to interest. (*Cutter* v. *Mayor, etc.*, 92 N. Y. 166.)

HAIGHT, J. This action was brought to recover interest at the legal rate upon the amount awarded for the taking of the lands of the plaintiff for park purposes from the time such award became due and payable to the time that the principal sum was paid. The trial court found that the acceptance of the principal sum of the award was a waiver of and a bar to the plaintiff's claim or right to recover interest thereon. The trial court also found as a fact that, at the time the principal sum was paid and accepted, it was understood and agreed between the parties "that all claims for interest upon the award should be reserved to be determined in a subsequent action to be brought therefor," and that at the time of such payment, in pursuance of such agreement, the defendant inserted in the form of its receipt the following: "Reserving any and all claims for interest on the award."

We have no controversy with the learned Appellate Division with reference to its contention that interest in this case was not recoverable by reason of a contract, but was allowable simply as damages on account of the default of the defendant in paying the award when it became due and payable, or that when there is a controversy between parties with reference to the amount that should be paid, a tender by the debtor of an amount in full satisfaction of the claim and the acceptance thereof by the creditor, bars any right of action on the part of the latter to recover any balance claimed to be due. It consequently follows that, had the plaintiff or his assignor accepted the principal sum awarded as damages without a special agreement reserving the right to recover interest this action could not be maintained ; but here we have an express agreement between the parties that the question as to the right to recover interest should be reserved and determined by an action to be brought by the plaintiff therefor. We are aware of no public policy or rule of law that renders such contracts void and we think there is no principle or reason why they should not be sustained. The authorities to which the learned Appellate Division calls attention are clearly distinguishable.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, VANN, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.