GROTE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

EMINENT DOMAIN—COMPENSATION—INTEREST—WAIVER.
    The acceptance of the principal sum of an award for taking land did not bar a recovery of interest thereon, where it was agreed that the claim for interest should be reserved and settled by an action thereafter brought.

Appeal from Trial Term, Kings County.

Action by Augustus H. Grote against the city of New York for interest on an award for lands taken by the city by eminent domain. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 117 App. Div. 768, 102 N. Y. Supp. 977.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James D. Bell (Jerome W. Coombs, on the brief), for appellant.
Raphael Link, for respondent.

GAYNOR, J. The city took the land of the plaintiff by eminent domain, but the award was made to "estate of Frederick Grote." It was confirmed on December 12, 1888, and the title thereupon became vested in the city. The statute provided that if the city did not pay the award within four months, the person entitled thereto might sue for and recover the same with interest from and after demand of payment. On March 2, 1901, the plaintiff demanded payment. The city persisted in refusing to pay for no reason whatever. In 1897 the plaintiff began a proceeding against the city in the Supreme Court to have it adjudged that he was entitled to the award and that it be paid to him. It was so adjudged; but during the pendency of such proceeding the plaintiff assigned the award to one Mayhoff, and the order directed the city to pay it to the latter. The comptroller refused

to pay the interest, however, but paid the principal under an agreement with the said Mayhoff that the claim for interest should be reserved and settled by an action to be brought therefor. Mayhoff reassigned the claim for interest to the plaintiff, and this action was brought to recover it. It has been decided herein on the appeal from the first judgment, which was for the defendant, that the interest was recoverable by reason of the said agreement. 190 N. Y. 235, 82 N. E. 1088. Why the city persists in appealing again is not apparent. The accumulated interest up to the time of payment of the award is $8,904.45, the award itself being for only $12,430.75. By payment of the award during the four months allowed by the statute, or by payment of it into court, all interest and the costs of litigation could have been avoided. As it is, there is no way to relieve the city of the needless judgment against it herein for $9,807.06, although we might be better satisfied to see it against the officials who have made the city liable to it.

The judgment should be affirmed.

Judgment affirmed, with costs.

GAYNOR and HOOKER, JJ., concur. JENKS, RICH, and MILLER, JJ., concur in result.