(137 App. Div. 149.)

### FORSCHIRM v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. INTEREST (§ 1*)—WHEN RECOVERABLE.

Interest is allowable only by virtue of contract, express or implied, or by virtue of a statute, or on account of the default of the party liable to pay, in which case it is allowed as damages for the default.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. BANKS AND BANKING (§ 132*)—DEPOSITS—CONTRACTS.

A deposit in a bank under a running check account, with the privilege to the depositor to withdraw all or any part thereof at any time, either in person or by check, creates a contract for the payment of money on demand without interest.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 351; Dec. Dig. § 132.*]

3. BANKS AND BANKING (§ 132*)—DEPOSITS.—LIABILITY TO INTEREST.

Where a solvent bank, able to pay on demand deposits due on demand without interest, was placed in the hands of a temporary receiver at the instigation of the superintendent of banks, causing the Attorney General to sue for the dissolution of the corporation, and the suit was subsequently dismissed by the Attorney General and the receiver discharged, the bank was not liable for interest on a deposit, payable on demand without interest, in the absence of a demand or some act of the bank excusing a demand.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 132.*]

4. INTEREST (§ 62*)—RIGHT TO INTEREST—PAYMENT OF PRINCIPAL—EFFECT.

A right to interest, recoverable only as damages for the wrongful detention of a debt, is only incidental to the principal debt and cannot be the basis of an independent claim, and acceptance of the principal sum, though under protest, does not save the right to interest, but a special agreement reserving the right thereto will do so, and the intent in accepting the principal is immaterial on the issue of liability for interest.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 140–144; Dec. Dig. § 62.*]

5. INTEREST (§ 67*)—RIGHT TO INTEREST—PAYMENT OF PRINCIPAL—EFFECT.

Evidence *held* not to show that a special agreement reserving the right to recover interest was entered into at the time of the payment of the principal, precluding the recovery of interest by way of damages for the wrongful detention of a debt.

[Ed. Note.—For other cases, see Interest, Dec. Dig. § 67.*]

6. TRIAL (§ 177*)—MOTIONS FOR DIRECTED VERDICT—QUESTIONS OF LAW.

Where both parties move for a directed verdict on undisputed facts, the question raised is one of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

Clarke and Dowling, JJ., dissenting.

Appeal from Appellate Term.

Action by Fanny Forschirm against the Mechanics' & Traders' Bank. From a determination of the Appellate Term without opinion affirming a judgment of the City Court entered on a verdict for plaintiff, directed by the court, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 134 App. Div. 969, 119 N. Y. Supp. 1125.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward Grout and Paul Grout (F. Sidney Williams, of counsel, and Frank R. Greene, on the brief), for appellant.

Joseph Gans, for respondent.

MILLER, J.  The stipulation made at the suggestion of the court at the opening of the case is somewhat ambiguous, as oral stipulations made in the course of the trial are apt to be; but I think the fair inference from it is that the bank closed its doors and suspended payment because the bank superintendent "stepped in." In any event, it is plain that the defendant did not intend, and was not understood, to stipulate that the action of the bank was voluntary. The answer distinctly alleged that the defendant's inability to pay was due to no fault of its own, but solely to the acts of the superintendent of banks, which it was powerless to prevent. By referring to and annexing a copy of the order, appointing temporary receivers, the answer did not admit the truth of the recitals in said order, especially in view of the positive averment referred to. But the course of the trial frees this question from doubt. The court at the outset rules "that no demand is necessary where temporary receivers were appointed." The defendant sought to show that it closed its doors because of an order of the Banking Department, but the evidence was ruled out by the court on the distinct ground that it was immaterial. So, for the purposes of this appeal, we must start with the assumption that the defendant was solvent, able to pay its depositors in full, and that it was compelled to suspend payment by the superintendent of banks, who caused the Attorney General to institute an action for the dissolution of the corporation, in which temporary receivers were appointed, but which was voluntarily discontinued by the Attorney General on the 17th of August, 1908, when the temporary receivers were discharged and the entire amount of the plaintiff's assignors' deposit was returned to and accepted by them.

"Before interest can be allowed in any case, it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default." Per Earle, J., in Matter of Trustees, 137 N. Y. 95-98, 32 N. E. 1054, 1055.

The case in 4 Metc. (Mass.) 317 (Williams v. American Bank), cited by Mr. Justice Clarke, arose between the creditors of a decedent and his widow and heirs on the final settlement of his estate. No doubt the equitable doctrine announced by Chief Justice Shaw in that case would be applicable upon the settlement of a decedent's or insolvent's estate as between different classes of claimants, who had unduly been kept out of their money. But it is certain that it would not be applied in this state as between the parties to a contract for the payment of money on demand without interest, for such in effect was the contract in this case. It may be said that it is inequitable for the depositor to be kept out of his money without interest, but the answer to that is that that was not due to any act of the defendant. To be sure, through no fault of its own, the defendant could not have paid, even if a demand had been made; but that is not a reason for penalizing it. If permitted to, it could and would have paid upon demand; and, in

my view, it would be inequitable to subject it to damages for a wrong which it has not committed, to compel it to pay interest on a noninterest-bearing debt, due only on demand, in the absence of a demand or of some act of its own excusing a demand. Instead of undertaking to apply general principles of equity and natural justice, upon which we might differ in a case like this, the case should be reduced to the precise legal ground upon which interest is recoverable if at all, i. e., by way of damages for a wrongful detention of the debt.

The case of People v. Merchants' Trust Co., 116 App. Div. 41, 101 N. Y. Supp. 255, affirmed 187 N. Y. 293, 79 N. E. 1004, 116 Am. St. Rep. 621, is not in point. There the question arose upon the final distribution by receivers, appointed in an action to dissolve a corporation, which went to final judgment, adjudging that the defendant was insolvent. Moreover, the action was practically the voluntary act of the defendant, which admitted its insolvency. In such a case, of course, it is unnecessary to make a futile demand; the demand being excused by the act of the debtor.

While no case precisely like this is called to our attention, the case of Sickles v. Herald, 149 N. Y. 332, 43 N. E. 852, seems to me exactly opposite. It was there decided that insolvency was not to be inferred from the mere appointment of a temporary receiver; that, in the absence of proof or an admission of insolvency, a deposit did not become due so as to draw interest until a demand; but that the interposition of an answer, containing a counterclaim, demanding the amount of the deposit, in an action brought by the temporary receiver on a promissory note, was equivalent to a demand; and that the depositor was therefore entitled to interest, not from the time of the appointment of temporary receivers, but from the date of the interposition of the counterclaim. Thus, it will be perceived that the precise question involved here was decided in that case.

Moreover, even if interest was recoverable, any claim for it was extinguished by the acceptance of the principal. It is settled law that interest recoverable only by way of damages for the wrongful detention of a debt is but an incident to the principal debt and cannot be the basis of an independent claim. Cutter v. Mayor, 92 N. Y. 166. Acceptance of the principal sum under protest would not save the right to recover interest; but a special agreement reserving the right to recover interest, would do so. Grote v. City of New York, 190 N. Y. 235, 82 N. E. 1088. There is no evidence whatever in this case of a special agreement. When the temporary receivers were discharged, the Metropolitan Bank of the City of New York succeeded to the business of the defendant's branch at Broadway and Pine streets, where the plaintiff's assignors had their deposit, and evidently took over the accounts of depositors. One of the plaintiff's assignors made a demand at that place and was tendered a check for the amount of the deposit by a clerk of the Metropolitan Bank, who had theretofore been in the employ of the defendant and of the temporary receivers. The former says that he demanded interest, and that the clerk said to him, "You will get the interest later on." Manifestly, the clerk did not have actual authority to bind the defendant

by an agreement to pay interest, and plainly he did not have apparent authority to do so, for, upon the witness' own statement, he did not rely upon that statement of the clerk, but, upon the latter's advice, called up the cashier of the defendant and had a telephone conversation with him. He did not testify what that conversation was; but a letter, written by the plaintiff's assignors, plainly shows that no promise to pay interest was made by the cashier. Said assignor finally accepted the check from the Metropolitan Bank clerk, upon being told that he did not have to sign a release, evidently thinking that he could recover interest if he did not give a release.

To be sure, both sides moved for a direction of a verdict; but, the facts being undisputed, the question was one of law. The extinguishment of the right to claim interest by the acceptance of the principal does not rest upon the doctrine of waiver, which involves the element of intent. The intent of the plaintiff's assignors in accepting the principal is immaterial.

The determination of the Appellate Term and the judgment and order of the City Court should be reversed, and a new trial granted, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur.

CLARKE, J. This is an action on an assigned claim to recover interest on a deposit by plaintiff's assignor in the defendant bank.

On the 30th day of January, 1908, the firm of I. Wasserman & Co. had on deposit in the Mechanics' & Traders' Bank $9,878.17. That account was a running check account with the privilege to the depositor to draw all or any part thereof at any time either in person or by checks and was noninterest bearing. It was stipulated on the record that on the 30th day of January, 1908, or shortly prior to that time, the Banking Department stepped in, deeming that the depositors' interests were unsafe, and on that day the bank suspended payment; that temporary receivers were appointed of all the property of the defendant; that the defendant closed its doors on the morning of that day; and that no further payments were made to the firm of I. Wasserman & Co. or to any other depositors until August 17, 1908, during all of which time the receivers were in possession and control of the affairs of the bank.

The answer sets up the appointment of temporary receivers and attached a copy of the order, thereby making it a part of the answer. Said order, inter alia, recited:

"And it appearing that the said superintendent of banks duly made report to the Attorney General of the state of New York that the said defendant had suspended payment and had reported to the Banking Department that it was unable to meet the demands of its depositors, and that it was unsafe and inexpedient for the said corporation to continue business."

It enjoined the defendant from disposing of its property. The answer avers that said injunction order continued in full force and effect until August 17, 1908.

It was further stipulated that the action was voluntarily discontinued by the Attorney General, the receivers discharged, and the

bank permitted to resume business on proof that it was not insolvent. It was also stipulated that the assets were sufficient to pay all the depositors in full, and that the entire amount of the principal of the deposit was paid by the defendant and received by the plaintiff on August 17, 1908.

This action was to recover the interest on said sum so deposited from the 30th of January, when the bank suspended payment, to the 17th of August, 1908, when it paid the principal. By direction of the court, the jury found a verdict for $324.34 for the plaintiff.

The claim is made that by the receipt of the principal interest was waived. If there was a question of fact as to whether or not the receipt of the principal under the circumstances disclosed was a waiver of the right thereafter to claim interest, the appellant cannot raise such question in this court because both sides asked for the direction of a verdict, and even after the court had said:

"There was nothing for the jury to decide as to waiver. You both moved for a direction, and that left it for the court. I would have submitted that question to the jury had not both of you moved for a direction."

—the defendant's counsel answered, "It is a question of law," and did not then ask to go to the jury.

Appellant claims that no interest is due and payable because the State Department of Banking stepped in and took possession of the bank and prevented payment, that receivers were appointed and an injunction granted, and the bank should not be held responsible for such action.

Chief Justice Shaw, in Williams v. American Bank, 4 Metc. (Mass.) 317, said:

"Interest is allowed not only on strict legal grounds where there is a contract for the payment of interest, or by way of legal damages where there is a tortious detention of a debt, but upon considerations of equity and natural justice when a party is entitled to the payment of money which, owing to various causes, he cannot obtain. * * * And in our own practice interest is, in many cases, allowed upon considerations of equity not only where the payment of a debt has been prevented by the debtor, but where judgment has necessarily been delayed to await the action of the law."

I think this case is governed by People v. Merchants' Trust Co., 116 App. Div. 41, 101 N. Y. Supp. 255, affirmed 187 N. Y. 293, 79 N. E. 1004. In that case there were two classes of depositors, one of whom by special contract with the trust company received interest at various rates, from 2 to 4 per cent., and the other class received no interest. Both classes of depositors had been paid the face of their claims in full. Thereafter, it appearing that there was a surplus of about $175,000, a claim was made for interest. The question therefore arose whether this surplus should go to the stockholders or to the creditors. The court held that those depositors, who had special contracts for the payment of interest at specified rates, were entitled to such interest up to the date of suspension, and from that date all of the depositors were entitled to interest at 6 per cent. down to the time of payment. The Court of Appeals said:

"The appointment of the temporary receiver, and the taking possession of the assets by him operated to prevent the defendant from paying the claims.

of the creditors, and thereby obviated the necessity of a formal demand for payment on their part. Richmond v. Irons, 121 U. S. 27 [7 Sup. Ct. 788, 30 L. Ed. 864]; Sickles v. Herold, 149 N. Y. 332 [43 N. E. 852]. That interest was chargeable at the contract rate upon the claims of depositors and certificate holders down to the date of the appointment of the receiver and of his taking possession of the assets of the defendant does not appear to be questioned. But it is contended that after that event no interest whatever was chargeable as against the defendant or its stockholders. We think, however, that this court is committed to the doctrine that interest is allowable if the assets are sufficient to pay the same. In the case of People v. American Loan & Trust Company, 172 N. Y. 371 [65 N. E. 200], Vann, J., in delivering the opinion of the court, said: 'If the assets are sufficient to pay all, including interest, it must be paid, for, as against the corporation itself, interest should be allowed before the return of any surplus to the stockholders.' It may be admitted that these remarks were unnecessary to the disposition of the case then under consideration, but the rule thus asserted appears to us to be so eminently just and so well supported by other authority that we now have no hesitancy in adopting it as the rule that should be adhered to in disposing of questions of this character."

In Richmond v. Irons, cited supra by the Court of Appeals, stockholders of a national bank were being sought to be held liable; the bank having become insolvent. The court said:

"As the liability of the shareholder is for the contracts, debts, and engagements of the bank, we see no reason to deny to the creditor as against the shareholder the same right to recover interest which, according to the nature of the contract or debt, would exist as against the bank itself. * * * In the case of book accounts in favor of depositors, which was the nature of the claims in this case, interest would begin to accrue as against the bank from the date of its suspension. The act of going into liquidation dispenses with the necessity of any demand on the part of the creditors, and it follows that interest should be computed upon the amounts then due as against the shareholders to the time of payment."

People v. American Loan & Trust Company, also cited supra, was a case of a dissolution of a corporation having preferred creditors. Such preferred creditors received the full principal in four dividend payments. The first dividend included interest at the rate provided for by the contract of deposit to the date of suspension. On the final accounting a claim was made for interest at 6 per cent. upon the amount of the claims from the date when the insolvent corporation suspended business. If paid, it would have wiped out all of the assets so that there would have been nothing for the unpreferred creditors. While the court held that "Interest should not run in favor of one creditor at the expense of another, while the law, acting for all, is administering the assets," it followed this by the statement:

"If the assets are sufficient to pay all, including interest, it must be paid, for as against the corporation itself interest should be allowed before the return of any surplus to the stockholders."

If, then, the receivers of a corporation, having paid the depositors in full, and subsequently having assets of the corporation in their hands, are required to apply such assets of the corporation to the payment of interest, it must be that where, after such a suspension of payment as is in evidence in this case, the corporation resumes and has possession of its assets and is going on doing business, it must, for that interruption of business and the detention of the depositors' money in its hands, pay for that delay.

I can see no difference in principle between the two cases. In one the question is: Shall a surplus in course of liquidation of a dissolved banking corporation be given to the stockholders, or shall it be applied to the payment to creditors of interest on deposits from the time of suspension of business? In the other: Shall interest be paid to the depositor when the bank has been enabled to resume after a suspension? In each the question arises solely between the bank (for upon this question the bank and its stockholders are identical) and its depositors. Shall the depositor suffer for the benefit of the bank? It seems to me that the bank must be held responsible for such conduct of its officers as brought about its suspension, and that the depositor must be made whole.

It follows that the determination of the Appellate Term should be affirmed, with costs.

DOWLING, J., concurs.