(83 Misc. Rep. 9.)

### HAVENDER v. BRODBECK.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

1. INTEREST (§ 26*)—WAIVER.

Defendant's attorney, on a demand for payment of a debt, wrote plaintiff that defendant, before leaving for Europe, had left a check payable for the principal of the claim, and that plaintiff's claim for interest might be left in abeyance until defendant's return, to which plaintiff replied that, if the attorney would send the check, he would place the same to defendant's credit. The attorney sent the check in a letter stating: "In sending you this check * * * I do not admit your right to interest." *Held*, that the acceptance of the check for the principal was not a waiver of plaintiff's right to recover interest.

[Ed. Note.—For other cases, see Interest, Cent Dig. §§ 7–10; Dec. Dig. § 26.*]

2. INTEREST (§ 5*)—ELEMENTS OF RIGHT.

While ordinarily interest follows the principal, it is competent for the parties to contract to treat it as something other than an integral part of the debt.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 11, 12; Dec. Dig. § 5.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Havender against Sophia Brodbeck. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Thomas C. Patterson, of New York City (Herman M. Schaap, of New York City, of counsel), for appellant.

Louis Wendel, Jr., of New York City, for respondent.

SEABURY, J. The plaintiff sued to recover $668.50, which sum is the interest on $4,775 from January 1, 1910, to May 2, 1912. The last-mentioned date was the date upon which the sum of $4,775 was paid to the plaintiff for labor and materials furnished by the plaintiff to the defendant. The learned court below dismissed the complaint, on the ground that the principal of the debt was accepted without reserving the right to recover interest, and that the right to recover interest was thereby waived.

[1] We think that, under the evidence in this case, the question whether the right to recover interest was reserved when the principal

of the debt was paid should have been submitted to the jury. On April 27, 1912, the attorney for the defendant wrote the plaintiff as follows:

"I presume you are aware that Mrs. Brodbeck has sailed for Europe. She has left with me a check to your order for $4,775, being the amount of the contract for the mausoleum. In regard to the claim you make for interest, we can leave that matter in abeyance until a future time, or until she returns. I have, however, full authority to adjust any claim you may have, and if you will make an appointment at my office, we may come to an agreement. Kindly let me hear from you."

In reply to this letter, the plaintiff wrote as follows:

"Your letter of the 27th in reference to the account of Mrs. Brodbeck received, and in reply would say that, if you send me the check she left for me ($4,775), I will place the same to her credit. I am inclosing you a statement of her account to May 1, 1912."

The statement of account which was inclosed claimed interest on the sum of $4,775 from January 1, 1910, to May 1, 1912. Subsequently the attorney for the defendant sent the plaintiff a check for $4,775, and in the letter inclosing the check he said:

"In sending you this check, however, I do not admit your right to interest on the same."

The plaintiff acknowledged the receipt of the check, credited the amount paid on the principal of the debt and interest, and claimed the amount of the interest as balance due. The letters and the acts of the parties seem to us to indicate very clearly that, when the principal of the debt was paid and accepted, it was understood between the parties that it was without prejudice to the plaintiff's claim for interest. This question was reserved for future consideration. That being so, there could be no waiver of the right to recover interest, predicated merely on the reecipt of the principal sum. Grote v. City of New York, 190 N. Y. 235, 237, 82 N. E. 1088.

[2] The letters offered in evidence do not show that there was an agreement that interest should be paid, but demonstrate merely that the principal debt was accepted without prejudice to the plaintiff's right to recover interest, if, as a matter of fact, he was entitled to have such a recovery. Ordinarily "interest follows the principal, as the shadow does the substance." Hatcher v. Lewis, 4 Rand. (Va.) 152, 157; Woerz v. Schumacher, 161 N. Y. 530, 56 N. E. 72. But it is competent for the parties by contract to treat it as something other than an integral part of the debt. 22 Cyc. 1474.

In this case the learned court below excluded all evidence of conversations between the plaintiff and the defendant; so that it is impossible to determine from the record before us whether the contract of the parties contemplated the right of the plaintiff to recover interest, either pursuant to the contract or as damages for the breach of contract.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.