(88 Misc. Rep. 30)

## HAVENDER v. BRODBECK.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. APPEAL AND ERROR (§ 1099*)—SUBSEQUENT APPEAL—LAW OF THE CASE.
    A decision on a former appeal that correspondence between the parties indicated that plaintiff's acceptance of a check was without prejudice to his claim for interest, and that no waiver of the right to interest could be predicated on the receipt of the principal, is the law of the case on a subsequent appeal.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. ACCORD AND SATISFACTION (§ 10*)—COMPROMISE AND SETTLEMENT (§ 6*)—ACCEPTANCE OF PART OF AMOUNT CLAIMED—"BONA FIDE DISPUTE."
    An accord and satisfaction will not be implied from a creditor's acceptance of the principal debt, without the interest claimed, though tendered in full payment, unless there was a bona fide dispute as to liability for such amount; and where the debtor's liability to pay the principal debt was not disputed, his mere refusal to pay the interest thereon, without color of right, was not a "bona fide dispute" as to the amount due, so as to make the creditor's acceptance an accord and satisfaction.

    [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–74; Dec. Dig. § 10;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

3. INTEREST (§ 39*)—BREACH OF CONTRACT.
    In the absence of agreement to the contrary, interest upon the amount due under a written contract was allowable from the date when by the terms of the contract the amount was to be paid.

    [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 83–89; Dec. Dig. § 39.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Havender against Sophia Brodbeck. From a judgment for defendant upon a verdict, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and judgment directed for plaintiff.

See, also, 83 Misc. Rep. 9, 144 N. Y. Supp. 418.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Thomas C. Patterson, of New York City (Herman M. Schaap, of New York City, of counsel), for appellant.

Louis Wendel, Jr., of New York City, for respondent.

SEABURY, J. The plaintiff sues to recover an alleged balance due under a contract, wherein he agreed to erect a mausoleum for the defendant, for which the defendant agreed to pay $4,775 when it should be complete, "same to be complete on or about January 1, 1910." The balance sued for is the interest upon the contract price for two years, which have elapsed since that amount became due. It is not disputed that the work contracted for was completed, and payment became due under the contract, on January 1, 1910, and that the defendant did not pay the bill for two years thereafter. About March 1, 1912, the plaintiff sent a bill to the defendant for $4,775, the principal sum, and $622.43, interest thereon from January 1, 1910, at 6 per

cent. The defendant refused to pay interest at 6 per cent., and the plaintiff refused to accept any sum less than this amount. On April 27, 1912, the defendant's attorney wrote the plaintiff a letter stating:

"I presume that you are aware that Mrs. Brodbeck has sailed for Europe. She has left with me a check to your order for $4,775, being the amount of the contract for the mausoleum. In regard to the claim you make for interest, we can leave that matter in abeyance until a future time, or until she returns. I have, however, full power to adjust any claim you may have, and if you will make an appointment at my office, we may come to an agreement."

On April 29, 1912, the plaintiff wrote the defendant's attorney:

"Your letter of the 27th in reference to the account of Mrs. Brodbeck received, and in reply would say that, if you send me the check she left for me ($4,775), I will place the same to her credit. I am inclosing you a statement of her account figured up to May 1, 1912."

With this letter was inclosed a statement of account showing the amount of the interest to May 1, 1912. On April 30, 1912, the defendant's attorney wrote the plaintiff as follows, inclosing a check for $4,775 to his order:

"Yours of the 29th instant to hand. I send you herewith check from Mrs. Sophia Brodbeck to your order for $4,775 in payment of vault, etc., erected in Woodlawn Cemetery. In sending you this check, however, I do not admit your right to interest on the same."

The plaintiff accepted the check and sent to the defendant a statement showing the full amount due, with interest, crediting the payment of $4,775, and leaving a balance equal to the amount of the interest to May 1, 1912.

[1] The defendant claimed upon the trial, first, that by accepting the check for $4,775, the amount of the principal debt, the plaintiff waived the interest. As to this proposition, it was held on a prior appeal to this court from a dismissal of the complaint herein that the correspondence between the parties at the time when the check was accepted clearly indicated that it was without prejudice to the plaintiff's claim for interest, and that therefore no waiver of the right to recover could be predicated merely on the receipt of the principal sum. Havender v. Brodbeck, 83 Misc. Rep. 9, 144 N. Y. Supp. 418, citing Grote v. City of New York, 190 N. Y. 235, 82 N. E. 1088.

[2, 3] The second defense urged, and the one upon which it appears the case was sent to the jury, was that the check was given and accepted as an accord and satisfaction of the entire debt. The only evidence in support of this defense was the testimony of the defendant's attorney to the effect that after the plaintiff received the check he held a telephone conversation, in which he told the plaintiff: "This payment of $4,775 is in full of your bill." He admitted, however, that subsequently he received a statement crediting the payment on account merely, and that thereafter no communication was had between them, except that in the following October, after Mrs. Brodbeck returned from Europe, he sent a postal card to the plaintiff requesting him to call, although he had no other business with the plaintiff, except that involved in this matter. This conversation, after the letter of April 30, 1912, was denied by the plaintiff.

We think the evidence, when taken as a whole, in connection with the documentary evidence and the conceded facts, sustains the claim of the plaintiff. An accord and satisfaction will not be implied from acceptance by a creditor of a part of the amount claimed, though it be tendered in full payment, unless there existed a bona fide dispute as to the liability for the amount thereof. Mance v. Hoffington, 205 N. Y. 34, 98 N. E. 203; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61. In the case at bar, the liability of the defendant under her written contract to pay the plaintiff $4,775 on January 1, 1910, was at no time disputed. In the absence of agreement to the contrary, interest upon that amount was allowable by law from the date when, by the terms of the contract, that amount was agreed to be paid. Pryor v. City of Buffalo, 197 N. Y. 123, 90 N. E. 423; Adams v. Ft. Plain Bank, 36 N. Y. 265.

Though there is some evidence that the defendant, when presented with a bill for two years' interest at the legal rate, refused to pay more than 5 per cent., there is no evidence of any agreement by the plaintiff to waive or remit any portion of the interest allowed by law. The mere refusal of the defendant to pay, without color of right, did not constitute a bona fide dispute as to the amount due.

Judgment appealed from should be reversed, and judgment directed for the plaintiff for the amount demanded in the complaint, together with the costs of this action and costs of the appeal. All concur.