FLESCHNER BROS., INC., Plaintiff, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, June 22, 1950.

*Jonas J. Shapiro* and *Janet Perlman* for plaintiff.

*Keegan & Clarke* for defendant.

Botein, J. This is an action to recover interest allegedly due on payments to be made on a contract between the parties.

Concededly, an agreed sum of $72,794 was due under the contract on June 7, 1945. In the absence of competing claims to the contract proceeds, this sum, under the terms of the agreement, was to be paid to the plaintiff. However, prior to payment an action was commenced by a corporation not party to the contract to impress a constructive trust upon the proceeds of the contract. The plaintiff in that action was successful upon trial. Unsuccessful appeals were taken, and judgment on the remittitur of the Court of Appeals was entered on December 6, 1948. (See *Volk Co.* v. *Fleschner Bros.*, 298 N. Y. 717.) During all this time the defendant continued to hold the money due under the contract. No tender or deposit into court was made. Then the defendant paid to the plaintiff in the first action, and the plaintiff in this action, their respective shares of the money due under the contract, without interest. By stipulation, the previously asserted claim of the plaintiff herein to interest was reserved.

Having had the advantage and use of the plaintiff's money, under the rule of " just compensation ", the interest must be added to make the plaintiff whole (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Davison* v. *Klaess*, 280 N. Y. 252). None of the defenses asserted by the defendant serve to prevent the running of interest.

The defendant attempts to justify its failure to make tender or payment into court on the ground that although ready, willing and able to pay, it was in doubt as to whom to pay and that doubt was not resolved until judgment was entered on the remittitur of the Court of Appeals.

If the defendant was in doubt as to the recipient of payment, it was incumbent upon it to make a tender kept good or deposit into court the money involved. The effect of such tender or deposit is to stop interest (*Halpin* v. *Phœnix Ins. Co.*, 118 N. Y. 165).

There can be no estoppel under the facts presented where the defendant has failed to show that it changed its position to its detriment (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285). Furthermore, the discussion in Mr. Justice Cohn's chambers never achieved the effect of a stipulation.

The plaintiff was the party in whose name the contract was entered into, and even assuming that the contract was for the benefit of Volk, the plaintiff may sue pursuant to the right given it under section 210 of the Civil Practice Act.

Lastly, the plaintiff accepted the principal sum and reserved the right to recover interest on the principal sum. In such case the acceptance of the principal does not bar recovery of the interest (*Grote* v. *City of New York,* 190 N. Y. 235).

Findings of fact and conclusions of law have been waived. Judgment is directed for the plaintiff in the amount of $15,-629.80, with interest from February 11, 1949.

Thirty days' stay of execution and sixty days to make a case allowed.